**Frank FUCHES, Plaintiff–Appellant,**

v.

**S.E.S. COMPANY, Defendant–Appellee.**

No. 88–1901.

Court of Appeals of Iowa.

May 24, 1990.

Faith O'Reilly, Des Moines, for plaintiff-appellant.

Mark J. Wiedenfeld of Grefe & Sidney, Des Moines, for defendant-appellee.

Heard by DONIELSON, P.J., and HAYDEN and SACKETT, JJ.

SACKETT, Judge.

Plaintiff-appellant Frank Fuches appeals a jury verdict in his favor, contending the trial court erred in instructing the jury, excluding evidence, and denying his motion for a new trial. We affirm in part, reverse in part, and remand for a new trial.

Plaintiff was injured at work when a scaffold on which he was standing collapsed. Defendant-appellee Schoneman Equipment and Supply Company had leased the scaffold to plaintiff's employer.

Defendant delivered a scaffold frame made by one manufacturer and planks made by another manufacturer. Thus, even though the planks looked much like the proper ones for the frame, they did not fit securely. As a result, the planking gave way and plaintiff fell through the middle of the frame, injuring his right shoulder.

Plaintiff filed suit against defendant. A jury found each party to be fifty percent at fault and fixed damages at $10,000. Plaintiff's request for a new trial was denied, and he appealed. Our standard of review is for the correction of errors at law. Iowa R.App.P. 4.

### I.

■ Plaintiff first contends there was insufficient evidence for the trial court to instruct the jury on his comparative fault or his failure to mitigate damages. Defendant contends there was substantial evidence to support the trial court's instructions.

Parties are entitled to have their legal theories submitted to a jury if the theories are pleaded and are supported by substantial evidence. *Sanders v. Ghrist*, 421 N.W.2d 520, 522 (Iowa 1988). Questions of contributory negligence and proximate cause are generally for the jury. Iowa R.App.P. 14(f)(10). If reasonable minds could draw different conclusions from a given set of facts, a jury question is engendered. Iowa R.App.P. 14(f)(17).

Viewing the evidence in the light most favorable to the defendant, *see Schuller v. Hy–Vee Food Stores, Inc.*, 407 N.W.2d 347, 351 (Iowa App.1987), we find there was substantial evidence to support the trial court's instructions. Defendant contends, and we agree, there is evidence plaintiff did not inspect the scaffold before getting on it. Defendant cites to *Rinkleff v. Knox*, 375 N.W.2d 262 (Iowa 1985), in which a plaintiff sought damages for injuries he sustained in a fall from rented scaffolding. In *Rinkleff*, the court held that "a person who fabricates a structure on which he or she intends to work at some height from the ground has some obligation to evaluate the stability and safety of both the compo-

nents and the finished structure prior to using it." *Id.* at 265. We acknowledge, as plaintiff points out, that *Rinkleff* is distinguishable from this case because plaintiff did not assemble the scaffold from which he fell. There is evidence plaintiff may or should have been aware the structure was not secure before he fell. A cursory inspection by plaintiff would have called the presence of the incorrect planks to his attention. There is an issue of whether plaintiff was negligent in failing to inspect.

■ We find the trial court did not err in instructing the jury on mitigation of damages. An injured person is under no absolute duty to follow a physician's advice in order to minimize damages. *See Shewry v. Heuer*, 255 Iowa 147, 155, 121 N.W.2d 529, 534 (1963). His or her duty is to use ordinary care in following a physician's advice. *Id.*, 121 N.W.2d at 534. Also, a person may be excused from mitigating damages if they lack sufficient financial resources to do so. *R.E.T. Corp. v. Frank Paxton Co.*, 329 N.W.2d 416, 422 (Iowa 1983). In order to find a failure to undergo medical treatment was a failure to mitigate damages, there must be a showing that such treatment would in fact have mitigated the damages. *See Miller v. Eichhorn*, 426 N.W.2d 641, 643 (Iowa App.1988).

The jury was instructed as follows:

Defendant claims plaintiff was at fault by failing to exercise ordinary care to obtain reasonable medical treatment.

Evidence has been introduced that damages could have been reduced to some extent if the plaintiff had obtained medical treatment in issue. An injured person has no duty to undergo serious or speculative medical treatment, but, if by slight expense and by slight inconvenience, a person exercising ordinary care could have reduced the damages, he has a duty to do so.

There was evidence it was recommended plaintiff have surgery to tighten the soft muscle in his shoulder. The surgery would require three to four days' hospitalization and would result in several days of acute pain, the need for pain medication, three

weeks' immobilization, and three to six months of rehabilitation. The procedure generally would restore normal strength and function to the shoulder without recurrent dislocation. There is a possibility, however, that complications could occur.

Defendant contends this evidence supports the instruction on mitigation of damages. Plaintiff contends because of the seriousness of the procedure, the surgery is beyond that which a person of ordinary care should be required to have in order to mitigate damages. He also contends he did not have the money to pay for the procedure. If injuries may be cured or eliminated by a simple and safe surgical operation, then the refusal to submit to the operation should be considered in mitigation of damages. *McGinley v. United States,* 329 F.Supp. 62, 66 (E.D.Pa.1971); *Young v. American Export Isbrandtsen Lines, Inc.,* 291 F.Supp. 447, 450 (S.D.N.Y.1968). This may not be true when the operation is a serious one or is attended by grave risk of death or failure. *McGinley,* 329 F.Supp. at 66; *see also Lewis v. Pennsylvania R.R.,* 100 F.Supp. 291, 294 (E.D.Pa.1951). Whether plaintiff has acted reasonably in minimizing or mitigating damages and whether or not the treatment suggested was reasonable should be determined by the trier of fact. *McGinley,* 329 F.Supp. at 66; *Lewis,* 100 F.Supp. at 294; *Bill C. Harris Constr. Co. v. Powers,* 262 Ark. 96, 105, 554 S.W.2d 332, 336 (1977); *see also Yosuf v. Unites States,* 642 F.Supp. 432, 441 (M.D.Pa.1986); *Young,* 291 F.Supp. at 450.

We find there was sufficient evidence to submit the question of mitigation of damages to the jury, and that the jury instructions clearly set forth the proper standard for the jury to apply when deciding that question. The trial court did not err in instructing the jury on mitigation of damages.

## II.

■ While we find the trial court was right to instruct the jury on plaintiff's comparative negligence, we find the court did not do so correctly. Plaintiff contends the court erred by failing to cite any specific act of negligence or failure to avoid injury by the plaintiff. The relevant portion of the instruction reads as follows: "In this case defendant claims that plaintiff failed to take action to avoid an injury because plaintiff failed to use ordinary care to avoid an injury."

Plaintiff contends the instruction was intended to be used with a greater specification by the trial court of those acts of a plaintiff that contributed to the injury. He also contends that when a defendant raises the defense of plaintiff's comparative negligence the defendant must plead and prove some specific act of the plaintiff that was negligent. Plaintiff cites to *Rinkleff v. Knox,* 375 N.W.2d at 262. In *Rinkleff,* the court stated that a specification of negligence "should identify either (a) a certain thing the allegedly negligent party did which that party should not have done, or (b) a certain thing that party omitted to do which should have been done, under the legal theory of negligence which is applicable." *Id.* at 266. Plaintiff contends that language indicates he is entitled to a new trial because of the trial court's instruction.

We agree, having found the instruction here failed the requirements of *Rinkleff.* As in *Rinkleff,* the only definition of negligence given to the jury here was want of ordinary care. *See* 375 N.W.2d at 266. The specifications of contributory negligence should have identified specific acts or omissions by plaintiff, supported by the evidence, that defendant claimed constituted a failure "to use ordinary care to avoid an injury." *Id.* We find the lack of specificity in the instruction on contributory negligence prejudiced plaintiff in the allocation of negligence to the extent that a new trial is warranted.

## III.

■ Plaintiff's next contention is that the trial court erred in refusing to instruct the jury on strict liability. Our supreme court adopted the principles of strict liability from Restatement (Second) of Torts section 402A in *Hawkeye–Security Ins. Co. v. Ford Motor Co.,* 174 N.W.2d 672, 684

(Iowa 1970). Section 402A holds strictly liable "[o]ne who sells any product in a defective condition unreasonably dangerous to the user or consumer." Comment (f) of that section says, "The rule stated in this Section applies to any person engaged in the business of selling products for use or consumption."

Strict liability applies to a retailer of a defective product as well as the product's manufacturer. *Osborn v. Massey–Ferguson, Inc.*, 290 N.W.2d 893, 901 (Iowa 1980); *Kleve v. General Motors Corp.*, 210 N.W.2d 568, 571 (Iowa 1973); *see also Holmquist v. Volkswagen of Am., Inc.*, 261 N.W.2d 516, 520 (Iowa App.1977). *But see Grimes v. Axtell Ford Lincoln–Mercury*, 403 N.W.2d 781, 785 (Iowa 1987) (doctrine does not apply to dealer in used goods when latent defect is not due to design or manufacture and is caused while goods are in possession of previous owner). To be held strictly liable, a defendant "must be shown to have been within the distribution chain of a product supplied for use and consumption by others." *Miller v. International Harvester Co.*, 246 N.W.2d 298, 303 (Iowa 1976).

Liability under section 402A has been extended to lessors of defective equipment in several states. *See, e.g., Dewberry v. LaFollette*, 598 P.2d 241, 243 (Okla.1979); *Brimbau v. Ausdale Equip. Rental Corp.*, 440 A.2d 1292, 1297–98 (R.I.1982); *Rourke v. Garza*, 530 S.W.2d 794, 800 (Tex.1975).

We find the facts of this case do not fall within the realm of strict liability. Strict liability is a method by which plaintiffs can recover from defendants who place defective products in the stream of commerce. *Hawkeye–Security Ins. Co.*, 174 N.W.2d at 683–84; Restatement (Second) of Torts § 402A (1965). The doctrine has been applied to retailers in part to give plaintiffs a more accessible enterprise to proceed against, as compared to a distant manufacturer. *Vandermark v. Ford Motor Co.*, 61 Cal.2d 256, 391 P.2d 168, 171, 37 Cal.Rptr. 896 (1964) (cited in *Kleve v. General Motors Corp.*, 210 N.W.2d at 571). There is no such similarity in this case—the plaintiff would have no cause of action against the manufacturer of the scaffold, because there was no defect in the scaffold. The problem was simply one of incompatible components being assembled as a unit. The manufacturer of the frame never intended it to be used with planks made by another manufacturer. *See Sandry v. John Deere Co.*, 452 N.W.2d 616, 619 (Iowa App.1989) (plaintiff must show defect that made product unreasonably dangerous in normal and intended use of product); Restatement (Second) of Torts § 402A comment (h) (product not defective if safe for normal use).

Plaintiff's damages are properly addressed under a theory of negligence on the part of defendant. The trial court did not err by refusing to instruct on products liability.

## IV.

Plaintiff next contends the trial court erred with respect to rulings concerning testimony of plaintiff's treating physician, Dr. Breedlove. By agreement of counsel, nearly all of Dr. Breedlove's deposition was read to the jury. On appeal, plaintiff points to no portion of the deposition that he was prevented from reading to the jury. We find plaintiff was not prejudiced by the court's ruling in any way. *See Kengorco, Inc. v. Jorgenson*, 176 N.W.2d 186, 189 (Iowa 1970).

## V.

Plaintiff's final contention is that he should have been allowed to introduce into evidence scaffold parts like the ones on which he was injured. As plaintiff had no way of finding the actual parts from which he fell, he sought to introduce similar scaffold parts of the same brands. Defendant objected to the admission of the scaffold as being prejudicial, and the trial court sustained the objection. The court would not allow the jury to view a complete scaffold, scaffold parts, or even photographs of either one. Plaintiff contends he was prejudiced by the exclusion of this evidence.

Plaintiff had other means of conveying to the jury the concept of a plank being two inches too narrow to fit tightly in a

frame. While the admission of the evidence would have been within the trial court's discretion, we find no abuse of discretion in the exclusionary ruling. *See Schuller v. Hy–Vee Food Stores, Inc.*, 328 N.W.2d 328, 331 (Iowa 1982).

We remand the case for a new trial.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR A NEW TRIAL.