**SUNRISE DEVELOPING COMPANY,**
Appellant,

v.

**IOWA DEPARTMENT OF TRANSPORTATION,**
Appellee.

No. 93–46.

Court of Appeals of Iowa.

Nov. 29, 1993.

John R. Ward of Hedberg, Ward, Owens & Vonderhaar, Des Moines, for appellant.

Bonnie J. Campbell, Atty. Gen., David A. Ferree, Sp. Asst. Atty. Gen., and Mark Hunacek, Asst. Atty. Gen., for appellee.

Heard by SCHLEGEL, P.J., HAYDEN, J., and KEEFE, S.J.*

KEEFE, Senior Judge.

The case concerns approximately 38.5 acres of land in Polk County condemned by the Iowa Department of Transportation (DOT) for use as a borrow. The condemned property was a portion of a tract of land owned by the Sunrise Developing Company which the company planned to develop, but which had been used for agricultural purposes. Fill dirt from the condemned land is to be used by the DOT for road construction. The Polk County compensation commission appraised Sunrise's damages at $124,750. Sunrise appealed to the district court and the matter proceeded to a jury trial.

Sunrise presented the testimony of a DOT engineer, Mark Kerper. Kerper testified the DOT planned to use the land as a borrow until at least 1995. After that time the land would be graded, reseeded, and fertilized. The district court sustained the DOT's objections to questions concerning DOT's plans for the land once it was no longer to be used as a borrow on the ground the evidence would be irrelevant and speculative. Also, Sunrise was not allowed to present evidence to the jury concerning the amount of dirt to be taken from the land and the per unit value of the dirt taken. Sunrise made an offer of proof on these issues.

Sunrise also presented the testimony of real estate brokers concerning the value of the land if it were developed. The DOT presented the testimony of a real estate appraiser who appraised the land by the use of the comparable sales approach.

During trial, the DOT presented the stipulated evidence of the compensation commission's damage award. The trial court subsequently submitted two jury instructions concerning stipulated evidence. Instruction No. 3 stated that the definition of evidence included evidence stipulated to between the parties. Instruction No. 7 stated that stipulated evidence should be considered as if it had been testimony given in court.

The jury returned a verdict finding Sunrise's damages to be $200,000. Sunrise filed a motion for new trial which the trial court denied. Sunrise now appeals.

This case was tried at law, and our review is for the correction of errors of law. Iowa R.App.P. 4.

■ **I.** Sunrise first contends the district court abused its discretion in certain evidentiary rulings. It claims that in the trial of a condemnation case, evidence relating to any available and valuable use of the condemned property is admissible. In particular, Sunrise claims it should have been able to present evidence to the jury concerning the amount of dirt to be taken from the land and the per unit value of the dirt taken.

Under the United States and Iowa constitutions, private property may not be taken without just compensation. *CMC Real Estate Corp. v. Iowa Department of Transportation*, 475 N.W.2d 166, 170 (Iowa 1991). In determining what constitutes "just compensation," courts must look to the individual facts of each case. *Id.*

■ Generally, the measure of damages in eminent domain proceedings is the property's reasonable market value at the time of the taking. *Heldenbrand v. Executive Council of Iowa*, 218 N.W.2d 628, 632 (Iowa 1974). This means the price the property would command in the market. *Comstock v. Iowa State Highway Commission*, 254 Iowa 1301, 1309, 121 N.W.2d 205, 210 (1963). It is only when there are no comparables, no market, and no general buying and selling of the kind of property in question that resort must be had to other methods of valuation. *Id.* The so called unit rule, which considers the amount of a material to be taken from the land and the per unit value of the material taken, should not be considered as a measure of damages unless there is no evidence of market value. *Id.*

In this case there was evidence of the market value of the land. The DOT presented evidence of comparable sales. Therefore,

---

* Senior judge from the 1st Judicial District serving on this court by order of the Iowa Supreme Court.

the unit rule would not be the proper measure of damages in this case.

■ The determination of the admissibility of evidence rests within the sound discretion of the trial court and will be reversed only upon a showing that such discretion has been abused. *Harris v. Jones*, 471 N.W.2d 818, 821 (Iowa 1991). Even otherwise relevant evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice. Iowa R.Evid. 403; *Kalell v. Petersen*, 498 N.W.2d 413, 415 (Iowa App.1993).

The evidence was relevant to the extent the value of the dirt would affect the amount a willing buyer would pay for the property. However, the admission of the evidence would have created a danger of unfair prejudice due to the possibility that the evidence could have allowed the jury to consider an improper measure of damages. We conclude the district court did not abuse its discretion in excluding the evidence in question.

■ **II.** The second issue raised by Sunrise concerns its claim for damages for the diminution in value of the property not condemned by the DOT. Sunrise sought to present the testimony of Kerper concerning the DOT's plans for the condemned property once it was no longer used as a borrow. It argued that this evidence was relevant to show the value of the remaining property after the taking.

■ Where part of a parcel of property is taken, the measure of recovery is the difference between the value of the whole property before condemnation and the value of the property remaining after condemnation. *Nedrow v. Michigan–Wisconsin Pipe Line Co.*, 245 Iowa 763, 769, 61 N.W.2d 687, 690 (1953). To show the market value of property after condemnation, every element which can fairly enter into the question of value may be considered, not as an independent element of damages, but as a factor in determining the market value of the portion remaining after the taking. *Dolezal v. City of Cedar Rapids*, 209 N.W.2d 84, 96 (Iowa 1973).

Thus, the DOT's future plans for the condemned property may be considered relevant to the question of the value of the remaining property after the condemnation. However, it is clear from Sunrise's offer of proof of Kerper's testimony that Kerper did not know if the DOT had any future plans for the land, and if there were any plans, what those plans may have been. Kerper stated he did not even know who would decide what to do with the property after it was no longer used as a borrow.

■ Any testimony by Kerper as to the future use of the condemned property was speculative. Remote, contingent, and speculative matters are not to be considered as evidence of value of condemned property. *Johnson County Broadcasting Corp. v. Iowa State Highway Commission*, 256 Iowa 1251, 1256, 130 N.W.2d 707, 710 (1964). We conclude the district court did not abuse its discretion in refusing to admit Kerper's testimony on this issue.

■ **III.** Sunrise claims the jury instructions were in error because they unduly emphasized the parties' stipulation. The parties had stipulated that the condemnation commission had found Sunrise's damages were $124,750. As noted above, Instruction No. 3 stated that the definition of evidence included evidence stipulated to between the parties. Sunrise does not object to this instruction.

Instruction No. 7 stated that stipulated evidence should be considered as if it had been testimony given in court. Sunrise did object to this instruction on the ground that it unreasonably called attention to the stipulation.

■ The submission of instructions which clearly overemphasize one parties' theory of the case is error. *AMCO Insurance Co. v. Stammer*, 411 N.W.2d 709, 715 (Iowa App.1987). Jury instructions must be read and construed together, not piecemeal or in artificial isolation. *Ort v. Klinger*, 496 N.W.2d 265, 268 (Iowa App.1992). An error in giving or refusing to give an instruction does not require reversal unless the error is prejudicial. *Iowa–Illinois Gas & Electric Co. v. Black & Veatch*, 497 N.W.2d 821, 828; *Nichols v. Schweitzer*, 472 N.W.2d 266, 275 (Iowa 1991).

We determine the jury instructions, when considered as a whole, did not clearly over-emphasize the parties' stipulation. Neither Instruction No. 3 nor Instruction No. 7 set forth what the parties' stipulation had been. The instructions did not invade the province of the jury and did not encourage the jury to give exaggerated weight to any particular evidence. We find no error in the jury instructions.

■ IV. Finally, Sunrise contends the district court abused its discretion in denying its motion for a new trial. Sunrise believes the award of damages was inadequate and necessitates a new trial.

■ Trial courts have broad discretion in passing on motions for new trials. *Iowa–Illinois Gas & Electric Co.*, 497 N.W.2d at 828. Only when the evidence clearly shows an abuse of discretion will we interfere with the trial court's ruling on such a motion. *Id.*

■ A condemnation case is one in which the amount allowed is peculiarly within the province of the trier of fact, and unless the same be shown to be so extravagant or penurious as to be wholly unfair and unreasonable, we will not interfere with the award on appeal. *Fritz v. Iowa State Highway Commission*, 270 N.W.2d 835, 844 (Iowa 1978). The question of damages is a question of fact. *Ort*, 496 N.W.2d at 270. In jury trials, the controverted fact issues are for the jury to decide, not the court. *Id.*

Sunrise has failed to show the award of damages in this case was wholly unfair and unreasonable. The award of $200,000 was supported by the evidence and was $75,250 more than the amount awarded by the compensation commission. We can find no abuse of discretion in the district court's denial of the motion for new trial.

We affirm the district court on all issues raised in this appeal. Costs of the appeal are assessed to Sunrise Developing Company.

**AFFIRMED.**

DONIELSON, J., takes no part.