# IN THE SUPREME COURT OF IOWA

No. 16–0906

Filed March 3, 2017

**JOHNSON PROPANE, HEATING & COOLING, INC.,**

Appellant,

vs.

**THE IOWA DEPARTMENT OF TRANSPORTATION,**

Appellee.

Appeal from the Iowa District Court for Woodbury County, Patrick H. Tott, Judge.

A landowner appeals a district court judgment finding the district court was without authority to decide whether a condemnation proceeding left the landowner with an uneconomical remnant. **AFFIRMED.**

Jacob B. Natwick and John C. Gray of Heidman Law Firm, L.L.P., Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Robin G. Formaker, Assistant Attorney General, for appellee.

**WIGGINS, Justice.**

The Iowa Department of Transportation (IDOT) condemned a portion of a landowner's property to complete the construction of a highway. The landowner waited until after the compensation commission decided damages to appeal its claim to the district court that the taking left it with an uneconomical remnant. The district court dismissed the petition on summary judgment finding the landowner's petition making its uneconomical remnant claim was untimely. On appeal, we affirm the district court judgment. We hold the district court was without authority to hear the case because the landowner failed to file an action within thirty days from the notice of assessment as required by Iowa Code section 6A.24(1) (2014) contesting the IDOT's exercise of eminent domain when the IDOT did not determine its acquisition left the landowner with an uneconomical remnant.

## I. Background Facts and Proceedings.

Johnson Propane, Heating & Cooling, Inc. (Johnson Propane) owns property in the city of Correctionville, located in Woodbury County. The IDOT engaged in a highway improvement project along U.S. Highway 20 in Correctionville, and in order to complete the project, the IDOT exercised its right of eminent domain to acquire a portion of the property owned by Johnson Propane. On August 4, 2014, the IDOT initiated condemnation proceedings by filing an application with the chief judge of Woodbury County seeking to condemn a .16-acre tract of Johnson Propane's .76-acre parcel. The IDOT determined it did not need the entire plot of land for the highway improvement project and that the remaining .60-acre tract left after the condemnation was not an uneconomical remnant.

Thereafter on August 21, the chief judge appointed a compensation commission, whose purpose was to assess and appraise the damages sustained because of the condemnation of the .16-acre parcel. The IDOT served a notice of assessment upon Johnson Propane on August 29. The notice informed Johnson Propane of the condemnation sought by the IDOT, that the chief judge appointed a commission to appraise and award damages for the condemnation, and on October 28, the commission would view the property and meet to appraise damages.

The compensation commission held a hearing on the scheduled day. Johnson Propane operates a propane business on the property affected by the condemnation, and argued that as a result of the .16-acre condemnation, the remaining .60-acre tract had little or no value or utility to the business. Johnson Propane presented evidence of an appraisal declaring the fair market value of the entire .76-acre parcel before the IDOT's condemnation was $200,000. Johnson Propane explained that due to the partial taking of the property, it was "virtually impossible for propane trucks to safely enter and exit the property," and "[w]ithout the ability to operate trucks on its property to collect and haul propane, Johnson Propane will no longer be able to use the remaining property in its business." Thus, Johnson Propane contended that the remaining .60-acre parcel had little or no value or utility to the property owner and was an uneconomical remnant for which it should receive compensation.

The IDOT presented evidence of an appraisal concluding the market value of the entire .76-acre parcel before the taking was $78,400, and the value of the remaining .60-acre tract after the .16-acre taking was $66,900. Thus, the IDOT's appraisal estimated the just compensation for the .16-acre taking was $11,500. The appraisal noted

that the condemnation would remove two access drives to Johnson Propane's property along U.S. Highway 20, but determined the property would still have adequate access, and thus, there was no "diminution in value."

At the conclusion of the hearing, the compensation commission awarded Johnson Propane with $11,100 for the .16-acre taking. Johnson Propane filed a notice of appeal to the district court on November 21 and a petition on appeal on November 25. In its petition on appeal, Johnson Propane claimed that as a result of the .16-acre taking, it could no longer use the remaining property for its propane business. It also claimed that it was "virtually impossible for trucks to enter and exit the property." Johnson Propane further claimed that the IDOT's taking amounted to a complete taking because the remaining parcel has little or no value or utility to the owner. Because the remaining parcel has little or no value or utility to the owner, Johnson Propane claimed the IDOT left it with an uneconomical remnant. Johnson Propane also claimed the fair market value of the entire property before the condemnation by the IDOT was $200,000. Johnson Propane requested the district court find the condemnation of the .16 acre left it with an uneconomical remnant, the IDOT should have condemned the entire property, and the damage for the taking was $200,000.

On December 22, the IDOT filed an answer and jury demand. In its answer, the IDOT asserted four affirmative defenses, including one that alleged "[t]he claims made in the plaintiff's petition are untimely."

On March 2, 2016, the IDOT filed a motion for summary judgment, claiming there were no genuine issues of material fact and that Johnson Propane's petition failed "to state a claim upon which any relief may be granted" because (1) plaintiff's challenge to the taking was untimely

under Iowa Code section 6A.24(1), and (2) even if plaintiff's challenge to the IDOT's taking was timely, Iowa Code section 6B.54(8), which plaintiff relies upon as the basis for its claim, does not apply to this action.

Johnson Propane resisted the motion for summary judgment and filed a statement of disputed material facts and additional undisputed material facts. The IDOT replied to Johnson Propane's resistance, including a motion to strike Johnson Propane's appraisal. Johnson Propane resisted the motion to strike, and the IDOT replied.

The district court heard arguments on the IDOT's motion for summary judgment and entered an order granting the motion for summary judgment. The district court found Johnson Propane had to challenge the IDOT's determination of whether there is an uneconomical remnant by bringing an action challenging the IDOT's eminent domain authority or the condemnation proceedings within thirty days after the sheriff served the notice of assessment pursuant to Iowa Code section 6A.24(1). The court found Johnson Propane's notice of appeal filed on November 21, 2014, did not comply with the requirements of section 6A.24.1 and granted the IDOT's motion for summary judgment. The court did not rule on the IDOT's motion to strike Johnson Propane's appraisal, finding the motion moot because of its summary judgment ruling. Johnson Propane appealed.

## II. Issue.

We must decide if the district court was correct that Johnson Propane's petition claiming the IDOT's taking of its property left an uneconomical remnant was untimely.

## III. Standard of Review.

We review summary judgment rulings for correction of errors at law. *Sanon v. City of Pella,* 865 N.W.2d 506, 510 (Iowa 2015).

Additionally, this appeal requires us to interpret various statutory provisions concerning condemnation proceedings. We also review issues involving statutory construction for corrections of errors at law. *Id.* at 511.

### IV. Condemnation Proceedings Under Iowa Law.

Generally, a condemnation proceeding is initiated by the acquiring agency filing an application with the chief judge of the judicial district in which the property sought to be condemned is located. Iowa Code § 6B.3(1). In making its application, the acquiring agency shall, at a minimum, satisfy the acquisition policies as set forth by the legislature. *Id.* § 6B.54. One such policy is that

> [i]f the acquisition of only a portion of property would leave the owner with an uneconomical remnant, the acquiring agency shall offer to acquire that remnant. For the purposes of this chapter, an "uneconomical remnant" is a parcel of real property in which the owner is left with an interest after the partial acquisition of the owner's property, where the acquiring agency determines that the parcel has little or no value or utility to the owner.

*Id.* § 6B.54(8) (emphasis omitted).

After the acquiring agency files it application with the chief judge, the chief judge appoints a compensation commission to assess the damages to all property taken by the applicant. *Id.* § 6B.4(2). The applicant then is required to give a thirty-day notice of assessment of the time the commission will meet to assess the damages. *Id.* at 6B.8. Within thirty days after the notice of assessment, "[a]n owner of property described in an application for condemnation may bring an action challenging the exercise of eminent domain authority or the condemnation proceedings." *Id.* § 6A.24(1)[1].

---

[1]The Code does not state whether the compensation commission should still meet if an owner of property files an action under section 6A.24(1). However, because

When the commission meets, its sole task is to assess any damages the landowner will suffer due to the acquisition. *Id.* § 6B.14(1). The compensation commission calculates the measure of damages by first determining the fair market value of the property before the taking. *Townsend v. Mid-Am. Pipeline Co.*, 168 N.W.2d 30, 33 (Iowa 1969). If the acquiring agency takes the whole property, this is the measure of damages. *Id.* If the acquiring agency takes only part of the property, the compensation commission must calculate the difference between the fair market value of the whole property before acquisition and the fair market value of the property remaining after the acquisition. *Id.* This difference is the landowner's measure of damages. *Id.*

If the landowner is dissatisfied with the compensation commission's assessment of damages, the landowner can appeal the compensation commission's appraisement of damages to the district court. Iowa Code §§ 6B.18(1), .22(1). The only issue to be determined on the appeal is the amount of damages owed by the acquiring agency to the landholder due to the taking. *Id.* § 6B.23; *State ex rel. Iowa State Highway Comm'n v. Read*, 228 N.W.2d 199, 203 (Iowa 1975).

**V. Analysis.**

Johnson Propane has maintained throughout this proceeding that the only issue it seeks to be determined by the court is whether this taking created an uneconomical remnant requiring the IDOT to condemn the property in its entirety and award damages to it based upon the fair market value of the entire property it owned. It is seeking this remedy by appealing the determination of damages made by the compensation commission.

_____

the landowner did not file an action under section 6A.24(1), that question will be left for another day.

The sole issue on an appeal from the compensation commission determination is the amount of damages owed by the acquiring agency to the landholder due to the taking. *State ex rel. Iowa State Highway Comm'n*, 228 N.W.2d at 203. A determination of whether a taking leaves an uneconomical remnant is a determination the legislature gave to the acquiring agency, not the compensation commission. Iowa Code § 6B.54(8). The issue as to whether a taking leaves an uneconomical remnant is a challenge to the acquiring agency's authority to exercise its power of eminent domain. Section 6A.24(1) requires that a challenge to the acquiring authority's exercise of eminent domain must be brought by a separate action by filing an action in district court.

An appeal from a damage award by the compensation commission under sections 6B.18(1) and 6B.22(1) is not the proper method to challenge whether the taking left an uneconomical remnant. Consequently, Johnson Propane was required to challenge the IDOT's determination that the property remaining after the taking was not an uneconomical remnant by bringing a separate action under section 6A.24(1). Section 6A.24(1) requires a party to file an action within thirty days from the notice of assessment. Johnson Propane failed to file such an action. Failure to file an action in a timely manner deprives a court of authority to hear a particular case. *In re Prop. Seized for Forfeiture from Williams*, 676 N.W.2d 607, 613 (Iowa 2004). Therefore, we conclude Johnson Propane's uneconomical remnant challenge was untimely, and thus, the district court did not have the authority to consider that claim.

## VI. Disposition.

The district court was without authority to hear Johnson Propane's uneconomical remnant challenge. Therefore, we affirm the judgment of the district court finding Johnson Propane's petition claiming it was left

with an uneconomical remnant was untimely under Iowa Code section 6A.24(1) and dismissing the action.

**AFFIRMED.**