# IN THE COURT OF APPEALS OF IOWA

No. 16-1576
Filed April 5, 2017

**CITY OF NORTH LIBERTY, IOWA,**
    Plaintiff-Appellee,

**vs.**

**GARY WEINMAN,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Johnson County, Lars G. Anderson, Judge.

A landowner appeals a condemnation award of $25,000 for a partial taking of his property. **AFFIRMED.**

Wallace L. Taylor of Law Offices of Wallace L. Taylor, Cedar Rapids, and S.P. DeVolder of The DeVolder Law Firm, Norwalk, for appellant.

Robert W. Goodwin of Goodwin Law Office, P.C., Ames, and Scott C. Peterson, City Attorney, North Liberty, for appellee.

Considered by Doyle, P.J., Tabor, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**TABOR, Judge.**

Johnson County landowner Gary Weinman appeals a jury's verdict requiring the City of North Liberty to pay him $25,000 as compensation for easements across his 70-acre property to supply sanitary sewer lines to a new high school. Because the city's expert witness, an experienced appraiser, presented substantial evidence to support the verdict, we affirm.

Private property may not be taken for public use without just compensation. *See* U.S. Const. amend. V; Iowa Const. art. I, § 18. Eminent domain is the term used for the power of a government entity to take private property for a public use without the owner's consent. *Comes v. City of Atlantic*, 601 N.W.2d 93, 95 (Iowa 1999). Cities are conferred the right of eminent domain under Iowa Code section 6A.4(6) (2015). Iowa Code chapter 6B sets out the procedures for the condemnation of private property under eminent domain.

This case concerns the city's condemnation efforts for a temporary construction easement (1.1 acres for four months) and a permanent easement (0.75 acre) on Gary Weinman's 70.55 acres.[1] In February 2015, the compensation commission decided the city should pay Weinman $75,000 in damages. *See* Iowa Code § 6B.14. The city appealed to the district court, claiming the damages were excessive. *See id.* § 6B.18. Weinman requested a jury trial, and the matter was tried de novo to the jury as an ordinary proceeding

---

[1] The city obtained the easements to install a trunk sewer line to service the new high school being constructed by the Iowa City Community School District.

on September 6 and 7, 2016.[2]  *See id.* § 6B.21 (ordinary proceeding); *see also Wilkes v. Iowa State Highway Comm'n*, 172 N.W.2d 790, 792-93 (Iowa 1969) (stating appeal from condemnation commission's award is de novo).

The only issue to be resolved in the city's appeal to the district court was "the amount of damages owed by [the city] to the landholder due to the taking." *Johnson Propane, Heating & Cooling, Inc. v. Iowa Dep't of Transp.*, ___ N.W.2d ___, 2017 WL 836826, at *3 (Iowa 2017).   Here, where only a portion of Weinman's property was taken by the city for the easements, the damages are measured as "the difference between the fair market value of the whole property before acquisition and the fair market value of the property remaining after the acquisition." *Id.*

At trial, the jury heard evidence, without objection, from the city's expert, Dennis Cronk.  Cronk, who is a certified appraiser with almost twenty years of experience, testified appraisals involve "a range of value.  It's not an exact science, and when we do this type of work, we try and err towards the high end of the range.  We're stuck with the market evidence we have . . . and resolve ambiguities in favor of the property owner."  After explaining four comparable properties, Cronk opined the difference in value of Weinman's overall property

---

[2]  Before trial, the city moved in limine to prevent the condemnation commission's award from being entered into evidence.  Weinman did not object, and the court granted the city's motion.  *See* 1999 Iowa Acts, ch. 171, § 13 (striking from section "6B.21 Appeals" the following: "The appraisement of damages by the compensation commission is admissible in the action." (codified at Iowa Code § 6B.21 (2001))).  Thus, as required by statute, the jury did not learn of the commission's award.  *See id.*  Accordingly, we do not consider any of Weinman's appellate arguments premised on the commission's award, a value not in evidence.  *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

before and after the easements was $25,000.[3] Weinman's counsel conducted an extensive cross-examination, including the use of a hypothetical that led to a calculated difference of $98,348 in value before and after the taking. But Cronk opined that value was "not the measure of damages" because "we take the value *of the whole* before and after."[4] (Emphasis added.) He testified:

> You can't just pick out which portions of the property you want to put a value on and say that value is the same across the entire— every single acre on that property. That's an overall value of [seventy] acres taking into account all the positives and negatives of the entire [seventy] acres.

In the defense case, Weinman discussed photographic exhibits showing features of his property, including his house, garage, barn, a pond, wooded areas, restored prairie, and Muddy Creek, which ran parallel to the easement. Weinman also presented evidence from Kevin Hanick, a real estate broker and developer. While acknowledging he was not a certified appraiser or a civil engineer, Hanick opined the easement impacted the entire ten-acre area in the northeast portion of Weinman's property. Having heard the evidence for both sides, the jury returned a $25,000 verdict, and the district court entered judgment on the verdict.

Weinman now appeals, raising a single issue—did substantial evidence support the jury's verdict? The city's appeal was tried to the district court de novo, as an ordinary proceeding. *See* Iowa Code § 6B.21; *Burnham v. City of*

---

[3] Cronk's appraisal report, Exhibit 4, was submitted into evidence.
[4] The parties' stipulation, read to the jury before testimony was presented, stated: "[F]air and just compensation is the difference in the fair and reasonable market value of the property as a whole before the acquisition and the fair and reasonable market value of the property immediately after the acquisition of the easement on February 13, 2015." *See Townsend v. Mid-Am. Pipeline Co.*, 168 N.W.2d 30, 33 (Iowa 1969).

*West Des Moines*, 568 N.W.2d 808, 810 (Iowa 1997). We review ordinary proceedings for the correction of errors at law. Iowa R. App. P. 6.907. If a jury's verdict is supported by substantial evidence in the record, we are bound by it. *See Beeman v. Manville Corp. Asbestos Disease Comp. Fund*, 496 N.W.2d 247, 254 (Iowa 1993). Because an award of damages in a condemnation action is "peculiarly within the province of the trier of fact," we will not "interfere absent a showing the award was wholly unfair or unreasonable." *See Sunrise Developing Co. v. Iowa Dep't of Transp.*, 511 N.W.2d 641, 645 (Iowa Ct. App. 1993) ("In jury trials, the controverted fact issues are for the jury to decide, not the court.").

Weinman has failed to show the award of damages was "wholly unfair and unreasonable." *See id.* While Weinman's expert witness, Hanick, differed from appraiser Cronk in his view of how the easements affected the property, the jurors were entitled to accept whatever portion of the experts' opinions they found convincing. *See Kautman v. Mar-Mac Cmty. Sch. Dist.*, 255 N.W.2d 146, 148 (Iowa 1977). Our role is not to question whether the evidence may have supported a higher award but, rather, whether substantial evidence supports the award made by the jury. We find substantial evidence to support the $25,000 compensation award.

**AFFIRMED.**