# IN THE COURT OF APPEALS OF IOWA

No. 16-1442
Filed January 10, 2018

**NEAL SMITH as Trustee of the Neal E. Smith Revocable Trust and BEATRIX SMITH as Trustee of the Beatrix Smith Revocable Trust,**
    Plaintiffs-Appellees,

**vs.**

**CITY OF PLEASANT HILL, IOWA,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Robert B. Hanson, Judge.

The City of Pleasant Hill appeals a $200,000 jury verdict in this eminent domain condemnation case. **AFFIRMED AND REMANDED.**

James E. Nervig, Amy S. Beattie, and Matt O'Hollearn of Brick Gentry, P.C., West Des Moines, for appellant.

Ivan T. Webber of Ahlers & Cooney, P.C., Des Moines, for appellees.

Heard by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**VAITHESWARAN, Presiding Judge.**

The City of Pleasant Hill applied to condemn property owned by the Neal E. Smith revocable trust, of which Smith was trustee. *See* Iowa Code § 6A.4(6) (2015). Following a hearing, a compensation commission awarded Smith damages of $50,000. *See id.* §§ 6B.4, 6B.14, 6B.17. Smith appealed to the district court. *See id.* § 6B.18(1).

The damages issue was tried to a jury, which returned a verdict of $200,000 in favor of Smith. *See id.* § 6B.21 ("The appeal shall be tried as in an action by ordinary proceedings."); *Johnson Propane, Heating & Cooling, Inc. v. Iowa Dep't of Transp.*, 891 N.W.2d 220, 224 (Iowa 2017) ("The only issue to be determined on the appeal is the amount of damages owed by the acquiring agency to the landholder due to the taking." (citing Iowa Code § 6B.23)). The City appealed.

The City argues the jury verdict is "not supported by substantial evidence." Smith responds that the City failed to preserve error. We agree with Smith.

The City concededly did not file a motion for directed verdict or any posttrial motion alerting the district court to its concern about Smith's evidence and the jury award. *See, e.g.*, Iowa Rs. Civ. P. 1.945 ("After a party has rested, the adverse party may move for dismissal because no right to relief has been shown, under the law or facts, without waiving the right to offer evidence thereafter."); 1.1003(2) (authorizing judgment notwithstanding the verdict "[i]f the movant was entitled to a directed verdict at the close of all the evidence, and moved therefor, and the jury did not return such verdict"); 1.1004(4) (authorizing new trial motion for "[e]xcessive or inadequate damages appearing to have been influenced by passion or prejudice"); 1.1004(6) (authorizing new trial motion where the verdict "is

not sustained by sufficient evidence").  Nothing in chapter 6B suspends application of these civil procedure rules in condemnation appeals.  To the contrary, parties to condemnation appeals have routinely used the motions to contest evidence supporting damage awards as well as the extent of damages.  *See, e.g.*, *Virginia Manor, Inc., v. City of Sioux City*, 276 N.W.2d 406, 407 (Iowa 1979) (noting city filed a motion for new trial following a jury's damage award in a condemnation appeal); *Fritz v. Iowa State Highway Comm'n*, 270 N.W.2d 835, 837-38 (Iowa 1978) (noting commission filed motion for directed verdict and motion for new trial in connection with condemnation appeal); *Wilkes v. Iowa State Highway Comm'n*, 172 N.W.2d 790, 792 (Iowa 1969) (noting commission filed new trial motion contesting sufficiency of the evidence); *NDA Farms, L.L.C. v. City of Ames*, No. 16-0028, 2017 WL 935067, at *1 (Iowa Ct. App. Mar. 8, 2017) (noting City filed posttrial motions following a jury award of damages in condemnation case); *Polk Cty. v. Nationwide Mut. Ins. Co.*, No. 03-1845, 2004 WL 2579062, at *1 (Iowa Ct. App. Nov. 15, 2004) (noting County filed motions for directed verdict, judgment notwithstanding the verdict, and new trial to address evidentiary issues, the property owner's evidence, and the claimed excessiveness of the damage award); *Sunrise Developing Co. v. Iowa Dep't of Transp.*, 511 N.W.2d 641, 643 (Iowa Ct. App. 1993) (noting filing of new trial motion following jury award of damages in condemnation appeal); *cf. Schooler v. Iowa Dep't of Transp.*, 576 N.W.2d 604, 607 (Iowa 1998) (noting DOT preserved error on jurisdictional challenge by filing motion to dismiss and it was not necessary to also file a motion for directed verdict or a motion for new trial).

In this jury-tried case, it was incumbent upon the City to file one or more of these motions if it wished to raise an appellate challenge to the sufficiency of the evidence supporting the damage award. *See Reilly v. Anderson*, 727 N.W.2d 102, 115 (Iowa 2006) ("We do not address the Reillys' claim on cross-appeal that there was insufficient evidence to support the finding by the jury of his fault. The Reillys did not preserve error on this claim at trial, and they are not entitled to challenge the sufficiency of the evidence to sustain the finding of Reilly's fault for the first time on appeal from a jury verdict."); *Gorden v. Carey*, 603 N.W.2d 588, 589-90 (Iowa 1999) ("[T]he proper method for challenging the adequacy of damages is through a motion for new trial. . . . Without having the benefit of a motion for new trial and a ruling thereon, there is nothing from which we can review the trial court's use of discretion. Requiring such a motion to be made gives the trial court, which had the 'benefit of seeing and hearing witnesses, observing the jury and having before it all incidents of the trial,' the initial decision of whether it should interfere with the jury's verdict." (citations omitted)); *cf. Sundholm v. City of Bettendorf*, 389 N.W.2d 849, 852 (Iowa 1986) ("Sufficiency of evidence may be challenged on appeal from judgment following a bench trial even though the point was not raised in trial court. . . . The rule is otherwise in jury trials.").

The City attempts to surmount this hurdle by arguing appellate courts have "inherent authority" to review sufficiency-of-the-evidence challenges to damage awards. However, the opinions the City cites do not stand for this proposition. In *Ezzone v. Riccardi*, for example, the court reduced a punitive damage award and, on rehearing, rejected the plaintiffs' contention that the court took this action

without prompting by the parties. 525 N.W.2d 388, 403 (Iowa 1994). The court stated,

> Whatever deficiency plaintiffs allege in the scope of defendants' assignment challenging the punitive damage award, they cannot suggest we introduced the matter into the dispute. Defendants complained of the sufficiency of evidence of punitive damage at every stage of the trial, and challenged the award in a motion for judgment notwithstanding the verdict and for a new trial.

*Id.* In dicta, the court said it could have relied on precedent invoking the court's inherent authority to order remittiturs. *Id.* The court found it unnecessary to turn to this "rare" remedy because the plaintiffs moved for new trial on the appropriateness of damages and their appeal from the ruling also allowed review of the damage amount. *Id.* at 403-04. In sum, *Ezzone* did not hold a party may leapfrog over the cited rules of civil procedure.

*WSH Properties, L.L.C. v. Daniels*, also cited by the City, is likewise inapposite. *See* 761 N.W.2d 45, 52 (Iowa 2008). Although the court exercised its "inherent power to order a remittitur as a condition to avoid a new trial," the City concedes the plaintiff preserved error by filing a new trial motion. *See id.*

We conclude the City failed to preserve error on its challenge to the sufficiency of the evidence supporting the jury's damage award. We affirm the jury verdict and the judgment entered on the verdict, and remand for consideration of Smith's request for appellate attorney fees. *See* Iowa Code § 6B.33; *Lehigh Clay Prods., Ltd. v. Iowa Dep't of Transp.*, 545 N.W.2d 526, 529 (Iowa 1996) (reversing precedent foreclosing award of appellate attorney fees

under section 6B.33 and remanding for determination of a reasonable allowance of appellate attorney fees).

**AFFIRMED AND REMANDED.**