*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RICKY LORENZO BRIDGEMAN,

        Defendant-Appellant.

UNPUBLISHED
February 18, 2025
2:29 PM

No. 368788
Berrien Circuit Court
LC No. 2021-003828-FC

Before: GADOLA, C.J., and CAMERON and ACKERMAN, JJ.

PER CURIAM.

Defendant appeals as of right his jury conviction of first-degree murder, MCL 750.316(1)(a),[1] for which he was sentenced to life imprisonment without parole. We affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

This case arises from the murder of Darquinn James on November 22, 2021, at the home of defendant's neighbor and family friend, Betty Washington.[2] The evidence presented at trial established that Betty and Darquinn were in Betty's bedroom when her son, James Anthony, let defendant into the home. Defendant, who appeared agitated, entered Betty's bedroom and asked, "What would you do if your nephew pulled a gun to your head?" After a brief conversation, defendant left the bedroom.

Shortly thereafter, defendant appeared in James's bedroom, where he showed James a gun. According to James, defendant stated that he wanted to take Darquinn outside and shoot him. James went to Betty's bedroom to warn Darquinn of the threat and was present when defendant knocked on the door. When James opened the door, defendant pushed past him to get to Darquinn, who rushed at defendant and attempted to wrestle the gun from his hand. During the ensuing

---

[1] Defendant was also convicted of additional charges that are not relevant to the issues raised in this appeal.

[2] For ease of reference, this opinion uses the first names of the victim and witnesses.

struggle, defendant shot Darquinn four times, striking him in the arm, stomach, and upper ribcage. Darquinn died from his injuries.

At the time of the shooting, defendant was on parole and required to wear an electronic tether. Immediately after the shooting, defendant returned home, cut off his tether, and fled to a relative's home in Dayton, Ohio, and later to North Carolina. Law enforcement eventually arrested defendant in Fayetteville, North Carolina. Defendant was charged, convicted, and sentenced as described above. He now appeals.

## II. DISCUSSION

On appeal, defendant argues that there was insufficient evidence to support his first-degree murder conviction. We disagree.

"This Court reviews de novo whether there was sufficient evidence to support a conviction." *People v Kenny*, 332 Mich App 394, 402; 956 NW2d 562 (2020). "In reviewing the sufficiency of the evidence, this Court must view the evidence—whether direct or circumstantial—in a light most favorable to the prosecutor and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt." *Id*. at 402-403. "[T]he standard of review is deferential: a reviewing court is *required* to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Oros*, 502 Mich 229, 239; 917 NW2d 559 (2018) (citation omitted). The prosecution is not required to disprove every reasonable theory of a defendant's innocence; it "need only prove the elements of the crime in the face of whatever contradictory evidence is provided by the defendant." *Kenny*, 332 Mich App at 403.

Due process requires the prosecution to prove every element of an offense beyond a reasonable doubt. *People v Smith*, 336 Mich App 297, 308; 970 NW2d 450 (2021). "The elements of first-degree murder are (1) the intentional killing of a human (2) with premeditation and deliberation." *People v Bass*, 317 Mich App 241, 265-266; 893 NW2d 140 (2016) (quotation marks and citation omitted). "[T]o premeditate is to think about beforehand; to deliberate is to measure and evaluate the major facets of a choice or problem." *Oros*, 502 Mich at 240 (quotation marks and citation omitted). Premeditation and deliberation may be inferred from the facts and circumstances, but the inferences must be supported by the record and not based on speculation. *Bass*, 317 Mich App at 266. Further, because proving a defendant's state of mind is inherently challenging, "minimal circumstantial evidence suffices to establish a defendant's state of mind." *Kenny*, 332 Mich App at 403.

Here, there was sufficient evidence that defendant intentionally killed Darquinn. James testified that, before the murder, defendant showed him a gun and stated that he intended to kill Darquinn. James and Betty both testified that they observed defendant enter Betty's room with a gun, charge at Darquinn, and shoot him. See, e.g., *People v McMullan*, 284 Mich App 149, 153; 771 NW2d 810 (2009) (intent to kill can be inferred from the use of a deadly weapon). Defendant's claim that he was in the wrong place at the wrong time is contradicted by his actions after the shooting, including fleeing the scene, cutting off his tether, and leaving the state. See, e.g., *People v Unger*, 278 Mich App 210, 226; 749 NW2d 272 (2008) (evidence of flight supports an inference

of an intent to kill); *People v Smith*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 362114); slip op at 11 (post-murder conduct can demonstrate a consciousness of guilt).

The jury also had sufficient evidence to conclude that the murder was premeditated and deliberate. James testified that defendant showed him a gun and stated his intent to kill Darquinn. The lapse in time between defendant's initial appearance in Betty's bedroom and his subsequent return, along with the lack of evidence of provocation, supports a finding that the murder was deliberate and premeditated. See, e.g., *id*. at ___; slip op at 10 ("A murder is premeditated when the defendant had the opportunity to consider his actions for some length of time before completing the murder" and deliberate when committed without adequate provocation "or while undisturbed by 'hot blood.' ").

On appeal, defendant asserts that the evidence was insufficient to support the jury's verdict because the testimonies of various witnesses—including Betty, James, and others—were inconsistent and not credible. That argument is unpersuasive. Ultimately, witness credibility is a question for the jury, and this Court is required to defer to the jury's credibility determination. *Oros*, 502 Mich at 239. The jury's verdict indicates that it found those witnesses' testimonies credible, and we will not interfere with that assessment. *People v Solloway*, 316 Mich App 174, 181-182; 891 NW2d 225 (2016).

Viewing the evidence in the light most favorable to the prosecution, there was sufficient evidence to sustain defendant's first-degree murder conviction. Defendant has not established entitlement to relief.

Affirmed.

/s/ Michael F. Gadola
/s/ Thomas C. Cameron
/s/ Matthew S. Ackerman