**John F. SCHRECKENGAST, Appellant,**

**v.**

**HAMMERMILLS, INC. and Sentry Insurance Company, Appellees.**

**No. 84–683.**

Supreme Court of Iowa.

June 19, 1985.

James E. Shipman and Dean R. Einck of Simmons, Perrine, Albright & Ellwood, Cedar Rapids, for appellant.

Harry W. Dahl, P.C., Des Moines, for appellees.

Roger L. Ferris and Sara J. Sersland of Nyemaster, Goode, McLaughlin, Emery & O'Brien, P.C., Des Moines, for amicus curiae Deere & Co.

Considered by REYNOLDSON, C.J., and McCORMICK, SCHULTZ, CARTER, and WOLLE, JJ.

CARTER, Justice.

Worker's compensation claimant, John F. Schreckengast, appeals from a decision on judicial review affirming the industrial commissioner's denial of worker's compensation benefits. We affirm the district court's decision.

The record reflects that claimant had been employed with the appellee employer for thirty-one years prior to becoming permanently and totally disabled from a mental illness manifested by severe depression and diagnosed as a unipolar affective disorder, depressed type. At the hearing held before the industrial commissioner on the

ensuing worker's compensation claim, conflicting medical evidence was presented concerning the extent, if any, to which the circumstances of claimant's employment caused his depression or exacerbated a previously existing depressive disorder.

It is claimant's contention that his condition was caused by or exacerbated by job stress. His duties included considerable travel to meet with prospective customers, designing machines to meet the particular business needs of customers, working up sales quotations in order to market such machines and working with production personnel in order to assure that manufactured items met with the specifications mandated by the individual customers. These work activities required considerable evening and weekend time. Work pressures were intensified because of rather strict project deadlines. One of the first manifestations of claimant's depressive disorder was a fear of airline travel.

The expert medical testimony may be summarized as follows. Three psychiatrists testified that, in their opinion, there was no work-related cause of claimant's depression. Claimant's treating family physician agreed with these conclusions. One of these psychiatrists also testified that, in his opinion, there was no work-related aggravation of claimant's depressive condition. The other psychiatrists were somewhat equivocal as to the possibility that claimant's depression was aggravated by job stress. A clinical psychologist testifying for the claimant stated that, in his opinion, both the original cause of the depressive disorder and a subsequent exacerbation thereof were caused by the stressful conditions of claimant's work environment.

In resolving this conflicting testimony, the industrial commissioner,[1] found that the claimant had failed to establish that conditions associated with his employment caused the onset of his depressive disorder or exacerbated an existing depressive disorder. In considering the claim, the commissioner cited with apparent approval and discussed the case of *Swiss Colony, Inc. v. Department of Industry, Labor & Human Relations*, 72 Wis.2d 46, 240 N.W.2d 128 (1976). Claimant contended on judicial review in the district court and contends in this court that the standard of legal causation established in *Swiss Colony* should not be adopted in Iowa because (1) it places too great a burden on claimants, and (2) it denies recovery to claimants who have established causation in fact between the hazards of their employment and an existing disability.[2]

In reviewing the decision of the commissioner, we are convinced that it separately considers the issues of (a) legal causation, and (b) causation in fact.[3] The commissioner found that claimant had failed to establish causation in fact between his disability and his employment as to either its origin or any subsequent aggravation thereof. Application of the standard of legal causation espoused in the *Swiss Colony* case was not involved in

1. The final agency decision was made by a deputy industrial commissioner acting by designation of the industrial commissioner pursuant to Iowa Code section 86.3. Notwithstanding this circumstance, we refer to the final agency action as the decision of the "commissioner."

2. The *Swiss Colony* decision developed a standard of legal causation requiring that, in order to produce a compensable disability, the level of stress to which the claimant is exposed must exceed that which would result from everyday living or normal employment activities. The decision of the commissioner found this test to be similar to one which we adopted in *Sondag v. Ferris Hardware*, 220 N.W.2d 903, 905 (Iowa 1974), with respect to determining whether disability produced by an employment aggravation

of an existing heart condition qualified for payment of worker's compensation benefits. In *Sondag*, we referred to "exertion greater than that of nonemployment life" and "unusually strenuous employment exertion."

3. We have recognized that in both civil and criminal actions causation in fact involves whether a particular event in fact caused certain consequences to occur. Legal causation presents a question of whether the policy of the law will extend responsibility to those consequences which have in fact been produced by that event. *State v. Marti*, 290 N.W.2d 570, 584–85 (Iowa 1980). Causation in fact presents an issue of fact while legal causation presents an issue of law. *Id.*

making the determination of causation in fact. Our review is therefore limited to a determination of whether the commissioner's finding is supported by substantial evidence in the record made before the agency when that record is viewed as a whole. Iowa Code § 17A.19(8)(f). Where there is a conflict in the evidence, the court is not free to interfere with the commissioner's findings. *Ward v. Iowa Department of Transportation,* 304 N.W.2d 236, 239 (Iowa 1981). We therefore do not disturb the commissioner's outcome-determinative finding on this issue.

Because the commissioner's finding that claimant's evidence failed to establish causation in fact is supported by substantial evidence, no basis exists for reversing the decision on the ground that an improper standard of legal causation was applied. We therefore decline to consider whether the *Swiss Colony* opinion represents the standard of legal causation which is applicable under Iowa law.

As result of our disposition of appellant's claim, his other arguments, including his constitutional arguments, cannot alter the result. The decision of the district court is affirmed.

AFFIRMED.