Robert S. Kinsey III, Mason City, Iowa, for appellants.

Michael A. Paull, Chicago, Ill., for appellee.

Before LAY, Chief Judge, HEANEY, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

**Francis C. DUNLAVEY, and Lila Dunlavey, Appellants,**

v.

**ECONOMY FIRE AND CASUALTY CO., Appellee.**

**No. 89–1584.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 6, 1989.

Decided Oct. 17, 1989.

LAY, Chief Judge.

The plaintiffs appeal an order of the district court[1] dismissing their state tort claims against Francis Dunlavey's former employer. The suit involves emotional injury (depression) Dunlavey allegedly suffered during the course of his employment. The district court found that the injury arose out of and was in the course of Dunlavey's employment and that the claims were therefore barred by the exclusivity provision of the Iowa Workers' Compensation Act (the "Act"). As a result, the district court held that it lacked subject matter jurisdiction over the state tort claims and dismissed. We remand with directions that the district court grant plaintiffs' motion for a stay pending a final determination of the workers' compensation claim.

After filing an action under the Act with the Iowa Industrial Commission, plaintiffs

1. The Honorable David R. Hansen of the United States District Court for the Northern District of Iowa.

filed a civil action in state court for recovery based on emotional harm. Plaintiffs allegedly did so because it was questionable whether such damage, when not accompanied by physical injuries, was compensable under the Workers' Compensation Act. The civil suit was also filed to allegedly protect the claims from a possible statute of limitations defense. Plaintiffs subsequently filed a motion to stay the proceedings in order to allow a final determination by the Industrial Commission. The defendant thereafter removed the case to the federal district court.

After removal, the defendant moved for dismissal on the grounds that the court did not have subject matter jurisdiction. The district court sustained the motion, finding that regardless of whether the plaintiff's injuries were compensable under the Act, the Act provided the exclusive remedy because the injury arose out of and was in the course of the plaintiff's employment.

The parties seek resolution of two issues concerning Iowa's Workers' Compensation Act: (1) whether mental injuries unaccompanied by physical harm are compensable under the Act; and (2) if they are not, whether the exclusivity provision found in section 85.20 of the Act bars plaintiffs' state tort claims.

Iowa law is unsettled on the issue of whether nonphysical mental injuries are compensable under the Act.[2] Plaintiffs claim that they are but that if it is determined the Act does not compensate employees for emotional harm, a state tort claim would not be barred by the Act's exclusivity clause. They claim that if mental injuries are not within the meaning of "personal injury" of section 85.3(1) or "injury" of section 85.20, then they should be free to pursue an action in state court.

Defendant contends that mental injuries are not covered by the Act and agrees with the district court's findings that all injuries arising out of and in the course of employment are barred by the exclusivity provision of section 85.20. Defendant argues that the plaintiffs' state tort claims are barred regardless of whether the Industrial Commissioner finds the injury compensable or not.

On the record before this court, we find that it was improper for the district court to dismiss plaintiffs' state tort claims instead of granting a stay as requested. The district court found that:

> even if the plaintiffs are unable to recover in their workers' compensation action for the reason that their claims are not compensable under the Workers' Compensation Act, they are still barred by the exclusivity provision of the Act from initiating an independent action to recover for injuries which arose out of and in the course of plaintiff's employment.

The question is whether such an interpretation is correct, i.e., whether *every* injury arising out of and in the course of employment is an "injury" within the meaning of the Act.

Defendant urges us to apply the "special deference" rule to the district court's interpretation of state law. Indeed, we still may, but such a rule cannot blindside an appellate court's interpretation of plain language under a statute. Here the exclusivity provision of the Iowa statute reads:

> The rights and remedies provided in this chapter * * * for an employee on account of injury * * * *for which benefits under this chapter * * * are recoverable,* shall be the exclusive and only rights and remedies of such employee, the employee's personal or legal representatives, dependents, or next of kin, at common law or otherwise, on account of such injury * * * against:
>
> 1. his or her employer[.]

Iowa Code Ann. § 85.20 (West 1984) (emphasis added). It is reasonably arguable under the express language of section 85.-20 that if benefits are not recoverable under the Act then the Act does not provide the exclusive rights and remedies of the employee. We further note that counts 3 and 4 of the complaint contain allegations

---

**2.** The Iowa Supreme Court has faced this issue before, but has found it unnecessary to decide. *See Newman v. John Deere Ottumwa Works*, 372 N.W.2d 199 (Iowa 1985); *Schreckengast v. Hammermills, Inc.*, 369 N.W.2d 809 (Iowa 1985).

of an intentional tort by an employer. The Iowa Supreme Court has not passed on the question whether an intentional tort causing outrageous and emotional harm against an employer is barred by the exclusivity provisions. *See, e.g., Harned v. Farmland Foods, Inc.*, 331 N.W.2d 98, 100–01 (Iowa 1983) (finding that the plaintiff had failed to establish an intentional tort and therefore refused to pass on the question); *Tallman v. Hanssen*, 427 N.W.2d 868, 870 (Iowa 1988) (holding that an employee's bad faith claim against the employer's insurance carrier was not barred by the Act's exclusivity provision).[3] Under the circumstances, we feel the district court should have stayed the proceedings until the plaintiffs' claim is resolved by the Iowa Industrial Commission or the Iowa courts.

The judgment is vacated and the cause is remanded.

**3.** Some jurisdictions recognize an exception for intentional torts from the exclusivity provisions of their workers' compensation acts. *See, e.g., Barth v. Firestone Tire & Rubber Co.*, 673 F.Supp. 1466, 1472 (N.D.Cal.1987) (noting that California courts have generally found that employee actions for intentional infliction of emotional distress are not "injuries" under California workers compensation laws and therefore are not precluded by its exclusivity provision).