**Marjory L. RANDOL, Appellant,**

v.

**ROE ENTERPRISES, INC., a/k/a Roe Oil Company and Conoco Corner Mini–Mart, Appellees.**

**No. 93–1058.**

Supreme Court of Iowa.

Nov. 23, 1994.

Robert M. Benton of Stuyvesant & Benton, Carlisle, and Thomas P. Slater of Meyer & Slater, Des Moines, for appellant.

Kenneth R. Munro of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, LAVORATO, and SNELL, JJ.

LAVORATO, Justice.

This slip and fall case comes to us on further review. The court of appeals affirmed a district court order granting summary judgment to the defendant Roe Enterprises, Inc., a/k/a Roe Oil Company, a/k/a Conoco Corner Mini–Mart (Roe) in Marjory L. Randol's comparative fault action. *See* Iowa R.Civ.P. 237. The court of appeals agreed with the district court that Marjory had generated no genuine issue of material fact on proximate cause. Because we conclude otherwise, we vacate the court of appeals' decision, reverse the district court order, and remand for further proceedings consistent with this opinion.

On the evening of May 2, 1990, Marjory stopped at the Conoco station in Osceola for gas. While Marjory was pumping her gas, someone drove in behind her and waited for her to finish. Marjory then pulled her car ahead of the pumps and went into the station to pay for her gas.

There was a drop-off between the paved and gravel portions of the parking lot. Marjory fell on her return to her car when she stepped from the paved portion to the gravel portion of the parking lot. In the fall, Marjory injured her shoulder. The injury required a total shoulder replacement. No one witnessed her fall.

Later, Marjory filed a two-count petition against Roe. Count I alleged negligent failure to repair or make the drop-off safe and failure to warn of the drop-off. Count II alleged negligent failure to provide for the safety of invitees—like Marjory—unlikely to realize the danger of the drop-off.

After answering, Roe filed a motion for summary judgment. The district court granted the motion, after a hearing, in a calendar entry. Marjory then filed a motion to reconsider. The court overruled this motion, concluding that there was no direct or circumstantial evidence that Marjory's fall was proximately caused by a drop-off.

Marjory appealed and we transferred the case to the court of appeals. The court of appeals affirmed the district court order. We then granted Marjory's petition for further review.

In *Martinko v. H–N–W Assocs.*, 393 N.W.2d 320, 321 (Iowa 1986), we summarized the principles governing the grant of a summary judgment motion:

> Summary judgment is proper when there is no genuine issue of [material] fact and the moving party is entitled to the judgment as a matter of law. The burden of showing the nonexistence of a material fact is upon the moving party. While an adverse party generally cannot rest upon [the adverse party's] pleadings when the moving party has supported [the] motion, summary judgment is still not proper if reasonable minds could draw different inferences and conclusions from the undis-

puted facts. In this respect, summary judgment is functionally akin to a directed verdict; *every legitimate inference that reasonably can be deduced from the evidence should be afforded the nonmoving party, and a fact question is generated if reasonable minds can differ on how the issue should be resolved.*

(Citation omitted.) Whether a genuine issue of material fact exists is determined from the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits. Iowa R.Civ.P. 237.

Marjory says that when she is afforded every legitimate inference reasonably deducible from the evidence, it is evident that she generated a genuine issue of material fact on proximate cause. After carefully reviewing the summary judgment record, we agree.

In both counts of her petition, Marjory alleges the following:

5. Just as she reached the end of the cement·part of the parking lot she fell head over heels and was severely injured.

6. Her fall occurred when she stepped on the spot where the cement meets the gravel portion of the parking lot creating a drop-off.

7. Defendant was negligent in that:

a. it did not repair the drop-off or otherwise make it safe and level for persons expected to cross it;

b. it failed to warn customers of the drop-off.

8. As a proximate cause of the defendant's negligence, Marjory was severely and painfully injured....

In an interrogatory Marjory was asked to "[p]lease describe in narrative fashion exactly how this accident occurred." Her response was:

It was after 6:00 p.m. ... I was going to the Methodist Church pig roast. I got to the church too early. So, I went up to Conoco to buy some gas. I filled my tank up. Another car then pulled in behind me to wait for gas. So I pulled my car to the rock parking lot to the south of the store. I went in and paid for my gas. On the way back I fell head over heels onto the gravel portion of the parking lot.... I fell

when I stepped on the spot where the cement meets the gravel portion of the parking lot. There was a drop-off there that caused me to fall.

About a month later, in a deposition Marjory answered accident causation questions this way:

Q. And do you recall the time of day that that accident happened? A: It was in the evening. I was going to the Methodist Church—They were having a pig roast—and I got there about 6:00 and no one was there, so I went up to Conoco to get some gasoline. And I got my gas and another car pulled in behind me and he seemed he was in a big hurry, so I pulled off to the south parking lot, got out and I went in and paid for my gas and on the way back when I came off from the cement onto the gravel walk, somehow I slipped and fell.

. . . .

Q. Were there any witnesses to the fall? Did anybody see you fall down that you're aware of? A: Not to my knowledge.

. . . .

Q. You say that you were walking out and something caused you to stumble and fall or to slip and fall. Was it a slip? Was it a stumble? Did you catch your foot? How did it happen, if you can remember? A: I really don't know. All I know, I went head over heels. When I stepped off the pavement onto that gravel, I went head over heels.

Q. Did you realize that it was the area where you stepped off the pavement onto the gravel where the accident happened? Do you know that? A: Not at the time, no.

. . . .

Q. The east end. Can you recall specifically when you fell was it in the gravel portion of the parking lot? Was it on the cement portion of the parking lot? A: On the gravel portion of it.

Q. Do you know how far onto the gravel portion as we sit here today recalling the events of May, 1990 where you fell down specifically? A: I hadn't anymore

stepped off the gravel then I fell—I mean the pavement.

. . . .

Q. You said that eventually after you got out of the hospital you went back to the parking lot. Did you go back to see what caused you to fall or see if you could figure out what caused you to fall? A: I went back, but I really didn't figure out what caused me to fall, no.

. . . .

Q. Have you ever figured out what it was that caused you to fall? A: No.

The district court's original ruling on Roe's summary judgment motion was a calendar entry, stating "[d]efendant's motion for summary judgment is sustained. Petition is dismissed." In overruling Marjory's motion to reconsider, the district court expanded on its original ruling, explaining:

The plaintiff will not be able to testify as to what caused her fall. There were no witnesses to this accident.

. . . .

Since there will be no evidence from any party regarding the cause of the plaintiff's fall, the plaintiff's evidence will merely suggest a possibility of negligence and any decision made upon such evidence will be based entirely on theory or speculation.

. . . .

In the case at bar there is no evidence, direct or circumstantial, showing that the plaintiff's fall was caused by a drop-off from the cement to the graveled portion of the driveway. This causation must be more than a mere possibility, and the motion for summary judgment should be sustained.

We think the district court erroneously discounted the probative value of the circumstantial evidence in this case. In the past, we said this about circumstantial evidence:

This court has routinely observed that circumstantial evidence often may be equal or superior to direct evidence.

Circumstantial evidence in this respect is intrinsically no different from testimonial evidence. Admittedly, circumstantial evidence may in some cases point to a wholly incorrect result. Yet this is equally true of testimonial evidence. All conclusions have implicit major premises drawn from common knowledge; the truth of testimony depends as much upon these, as do inferences from events. A jury tests a witness's credibility by using their experience in the past as to similar utterances of persons in a like position. That is precisely the same mental process as when they infer from an object what has been its past history, or from an event what must have preceded it.

*State v. O'Connell,* 275 N.W.2d 197, 205 (Iowa 1979) (en banc) (citations omitted).

Affording Marjory every legitimate inference reasonably deducible from the evidence, a reasonable mind could conclude that the drop-off caused her fall. The mechanics of her fall—head over heels—are consistent with the conclusion that she fell as a result of stepping off a paved surface onto a lower graveled surface. Marjory's testimony as to where she was when she fell, the nature of the terrain where she fell, and how she fell generate a genuine issue of material fact on proximate cause. "Proximate cause is ordinarily a question for the jury," and "it is only in rare cases that a party establishes proximate cause as a matter of law." *Johnson v. Interstate Power Co.,* 481 N.W.2d 310, 324 (Iowa 1992).

Because Marjory generated a genuine issue of material fact on whether the drop-off proximately caused her fall, the district court erred in granting summary judgment to Roe. We vacate the court of appeals decision which affirmed the district court order granting the summary judgment motion. We reverse the district court order granting the summary judgment motion. We remand for further proceedings consistent with this opinion.

**COURT OF APPEALS DECISION VACATED; DISTRICT COURT ORDER REVERSED; REMANDED.**