**Gertrude BIGALK, Appellant,**

v.

**Donald BIGALK, Appellee.**

No. 94–784.

Supreme Court of Iowa.

Nov. 22, 1995.

Rehearing Denied Dec. 15, 1995.

Dennis G. Larson of Larson Law Office, Decorah, for appellant.

John T. McCoy of Yagla, McCoy & Riley, Waterloo, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, LAVORATO, and SNELL, JJ.

CARTER, Justice.

Plaintiff, Gertrude Bigalk, appeals from an adverse judgment in her personal injury litigation against defendant, Donald Bigalk, to whom she is distantly related by marriage. Plaintiff claims to have been injured by falling into an unguarded stairwell on property owned by defendant and rented to plaintiff's friend, Anna Chance. Following a jury trial, defendant was found not to be at fault, and plaintiff's petition was dismissed.

In arguing to the court of appeals and to this court, plaintiff contends that the district court committed reversible error in the trial of her claim with respect to (1) not instruct-ing the jury with respect to specific allegations of negligence that were supported by the evidence, and (2) permitting plaintiff to be cross-examined concerning a statement she had given to an insurance adjuster. The court of appeals agreed with plaintiff as to both assignments of error and ordered a new trial. We agree that the first assignment of error requires a new trial but conclude that no abuse of discretion has been established concerning the challenged cross-examination. Consequently, we affirm the decision of the court of appeals in part and vacate it in part. The judgment of the district court is reversed, and the case is remanded to that court for a new trial of all issues.

## I. *The Jury Instruction Issue.*

Plaintiff challenges the manner in which the district court instructed the jury on her specific claims of negligence. Plaintiff's friend, Anna Chance, rented one unit of a duplex owned by defendant. It was plaintiff's theory that defendant, as the possessor of a common area in the duplex, owed to Anna's guests at least those duties applicable to licensees under Restatement (Second) of Torts section 342 (1965). These duties are:

A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if,

(a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and

(b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and

(c) the licensees do not know or have reason to know of the condition and the risk involved.

Restatement (Second) of Torts § 342 (1965). Plaintiff alleges that defendant breached these duties in at least four ways: (1) failing to warn her of the danger, (2) providing inadequate illumination in the area of the stairwell, (3) not covering the open stairwell,

and (4) not providing a railing around the stairwell.

The district court in its Instruction No. 15 advised the jury as to the duty that section 342 of the Restatement places on a possessor of land as to licensees. Then, in Instruction No. 16, the jury was advised:

> The Plaintiff Gertrude Bigalk must prove all of the following propositions:
>
> 1. The Defendant knew or in the exercise of reasonable care should have known of a condition on the premises at 242 Third Avenue, West, Cresco, Iowa, and that it involved an unreasonable risk of injury to a person in the Plaintiff's position.
> 2. The condition was one that a person in the Defendant's position should have expected would not have been discovered or realized by the Plaintiff.
> 3. The Plaintiff did not know or have reason to know of the condition and the risk involved.
> 4. The Defendant was negligent in failing to make the condition (open stairway) safe or in failing to warn the Plaintiff of the condition and risk involved.
> 5. The negligence was a proximate cause of the Plaintiff's damage.
> 6. The nature and extent of damage.

Plaintiff made timely objection to Instruction No. 16 on the ground that, apart from the language with respect to warning of the condition, neither this instruction nor any other instruction advised the jury concerning the specific acts or omissions that plaintiff claimed were negligent conduct, *i.e.*, failure to provide adequate illumination, failure to cover the opening, or failure to provide a railing. These objections were overruled by the district court.[1]

■■■ We agree with the court of appeals that the plaintiff's objection to Instruction No. 16 was well taken. On negligence claims not involving *res ipsa loquitur*, our procedure requires that a plaintiff identify the specific acts or omissions relied on to generate a jury issue. *Rinkleff v. Knox*, 375 N.W.2d 262, 266 (Iowa 1985). Jury instructions should be formulated so as to require the jury to focus on each specification of negligence that finds support in the evidence. *Id.; Fuches v. S.E.S. Co.*, 459 N.W.2d 642, 644 (Iowa App.1990). Defendant acknowledges that this is the usual rule but argues that it is designed to protect the party against whom the negligence claim is being made rather than the party making the claim. Defendant urges that because the general language of Instruction No. 16 permitted plaintiff to argue to the jury concerning any number of ways the defendant failed to correct the hazard, including all of those alleged in the petition, the failure to instruct on specific acts or omissions was not prejudicial.

Some support for defendant's contention is found in the fact that, in most instances in which challenges have been made to general instructions on negligence, it has been the accused party who has complained on the ground that the jury was too free to speculate as to acts or omissions that did not find support in the evidence. That was the case in both the *Rinkleff* and *Fuches* cases. We must conclude, however, that the requirement for instructing on specific acts or omissions is at least partially designed to assure that the jury will give consideration to each of the alleged acts or omissions in determining the overall question of breach of duty. Because the district court's instruction did not require the jury to do this in the present case, plaintiff has a plausible argument that the jury was not advised sufficiently concerning her theory of the case. This suggestion of prejudice is particularly persuasive in light of the fact that the jury was instructed as to all of defendant's specific allegations of negligence in its defense of contributory fault.

---

1. Instruction No. 16 was patterned after Iowa Civil Jury Instruction 900.2 (1990) dealing with a land possessor's duty to licensees. We note that, although Iowa Civil Jury Instruction 900.1, dealing with invitees, cautions the court to "set forth the particulars of the claim of negligence in failing to protect the plaintiff," this admonition is lacking in Instruction No. 900.2. We believe the obligation to state the particulars of the claim of negligence exists as to both the invitee instruction and the licensee instruction.

We conclude that plaintiff was entitled to have the jury instructed in the present case concerning each alleged act or omission that found support in the evidence. Although the specification involving improper illumination was arguably not so supported, the other specifications of negligence clearly were. The failure to so instruct requires reversal of the judgment and a grant of a new trial on all issues.

## II. *The Cross–Examination Issue.*

■ At the trial of this case, defendant was permitted to cross-examine plaintiff with respect to the contents of a tape-recorded statement that she had made to an insurance adjuster four days after her fall. Plaintiff objected to this line of questioning and to disclosing to the jury the contents of the statement on the grounds that the statement was incomplete and was given while she was in ill health and under heavy medication. The court of appeals concluded that cross-examination of plaintiff with respect to the challenged statement was improper. On the record before us, we are unable to agree with that conclusion.

■ The only way in which the statement is claimed to be incomplete is that it did not include plaintiff's expression of reluctance to speak to the claims representative allegedly made before the recorder was turned on. But, assuming that plaintiff did express such reluctance, the fact remains that she did give a lengthy and complete statement to the claims representative. The contents of this statement include relevant information concerning plaintiff's knowledge of the hazard. Thus, the statement is more than impeachment. It is an admission by a party opponent. *See* Iowa R.Evid. 613(b), 801(d)(2). Contents of recordings may be proved by the testimony of the person against whom they are offered. Iowa R.Evid. 1007.

The facts surrounding plaintiff's physical condition and state of medication at the time the statement was given were, we believe, matters that go to the weight of the evidence and not to its admissibility. Consequently, under Iowa Rule of Evidence 403, its admissibility was within the sound discretion of the trial court. *See Carter v. MacMillan Oil Co.,*

355 N.W.2d 52, 55 (Iowa 1984). We conclude that there was no abuse of that discretion in permitting the jury to hear this evidence.

## III. *Other Issues.*

Other issues considered by the court of appeals included claims that a directed verdict should have been granted and that the jury should have been instructed concerning the doctrine of *res ipsa loquitur.* The court of appeals found no merit in either of these contentions, and neither do we.

We have considered all issues presented and conclude that the decision of the court of appeals should be vacated with respect to the issue of cross-examining plaintiff concerning the tape recording, but otherwise affirmed. Our decision shall be the law of the case with respect to the evidentiary issues involving the tape recording. The judgment of the district court is reversed. The case is remanded to that court for a retrial of all issues.

**DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; DISTRICT COURT JUDGMENT REVERSED AND REMANDED.**