Rick **DIEMER** and Louise Diemer, Plaintiffs–Appellants,

v.

John A. **HANSEN** and Jim Schaben d/b/a Schaben Real Estate, Defendants–Appellees.

No. 94–1556.

Court of Appeals of Iowa.

Feb. 2, 1996.

John A. Rodenburg of Lyle A. Rodenburg, P.C., Council Bluffs, for appellants.

W. Curtis Hewett of Smith, Peterson, Beckman & Willson, Council Bluffs, for appellees.

Heard by SACKETT, P.J., HABHAB, J., and SCHLEGEL, Senior Judge.*

SACKETT, Presiding Judge.

Plaintiffs-appellants Rick Diemer and Louise Diemer appeal from the trial court's order on summary judgment dismissing their claim against defendants-appellees John A. Hansen and Jim Schaben, d/b/a Schaben Real Estate. Plaintiffs contend (1) the trial court erred in finding there was not substantial evidence to prove they suffered damages as a result of defendant Hansen's alleged fraudulent and negligent representations, and (2) defendants failed to meet their burden on summary judgment. We affirm.

Defendant Hansen was a realtor employed by defendant Jim Schaben d/b/a Schaben Real Estate in 1992. Plaintiffs bought through Hansen in early 1992 a seventy-acre tract with facilities for raising feeder pigs. Hansen was aware it was plaintiffs' intention to use the facilities for raising feeder pigs. Plaintiffs contend they asked Hansen if the owner of the farm had had any hog disease and he said they had not. They also contend they asked Hansen how long it had been since the prior owners had hogs on the premises and he said five or six years. There is evidence neither statement made by Hansen was accurate.

Plaintiffs finalized the transaction on April 29, 1992, cleaned and disinfected the facilities with chlorine bleach, and began moving sows and feeder pigs, some of which they purchased at various sale barns, into the facilities. The hogs later became diseased. There was a significant outbreak of salmonella and hemophilus pneumonia and plaintiffs suffered losses.

This suit was brought contending the disease was the result of the history of disease on the premises. Plaintiffs claimed they

---

* Senior judge from the Iowa Court of Appeals serving on this court by order of the Iowa Supreme Court.

were damaged as a result of Hansen's misrepresentations about the prior diseases and the length of time the building had been vacant of hogs.

Experts were designated and summary judgment was filed and sustained. Plaintiffs appeal from this ruling.

■ Our review of a district court's decision on summary judgment is for correction of errors at law. *Hagen v. Texaco Ref. and Mktg., Inc.,* 526 N.W.2d 531, 534 (Iowa 1995); *Montgomery Ward Dev. Corp. v. Cedar Rapids Bd. of Review,* 488 N.W.2d 436, 439 (Iowa 1992). We need to determine whether a genuine issue of material fact existed and whether the district court correctly applied the law. *Farm & City Ins. Co. v. Anderson,* 509 N.W.2d 487, 489 (Iowa 1993). We view the whole record in a light most favorable to the party opposing the motion. *Id.*

Plaintiffs designated two veterinarians, Drs. Funk and Schultz, as experts. Defendants took the depositions of both. Dr. Funk's opinion, to a reasonable degree of veterinary certainty, was the origin of the pathogens which caused plaintiffs' losses were *hemophilus* and *streptococcus,* either one is primarily carried in the swine themselves, and if the hogs are under stress, they are more likely to break out with the disease. Funk also testified plaintiffs had sick hogs from the time they first moved in the facility. He indicated the bacteria do not live very long in a clean, dry environment and the pathogens would not last more than a few weeks. Funk also gave the opinion transporting young pigs from the place they were farrowed to another farm, and transporting them to a sale barn, and then to another farm creates stress for the pigs. He said this can cause an outbreak of disease caused by bacteria or other pathogens preexisting in the bodies of the pigs. Funk further testified it was unlikely the pathogens that caused plaintiffs' losses would have been carried from earlier pigs shown to have been on the premises in November 1990. He further said the chlorine bleach used by plaintiffs to disinfect the facilities before they put pigs there would have killed any *hemophilus or streptococcus* bacteria that may have been present.

Dr. Gary Schultz testified he treated plaintiffs' swine for pneumonia caused by *hemophilus* and *salmonella* organisms. He testified to a reasonable degree of veterinary certainty the *salmonella* organisms that caused the infections he treated in plaintiffs' swine originated in the pigs themselves and were not picked up from the environment in the facilities. He testified moving swine can cause an outbreak of *salmonella* and *hemophilus.* He further testified mixing pigs purchased from different sources has a propensity to spread disease. He explained how swine transfer bacteria to each other and the immediate signs of the illness do not always show.

■ To generate a genuine issue of material fact, plaintiffs must show there is substantial evidence one of the conditions defendant allegedly misrepresented was the proximate cause of their loss of swine and resulting damages. They must show either the disease their swine suffered (1) was caused by earlier disease on the premises, or (2) the fact swine were actually on the premises more recently than allegedly represented to plaintiffs. Proximate cause includes both cause in fact and legal causation. *Hagen,* 526 N.W.2d at 537; *see State v. Marti,* 290 N.W.2d 570, 584–85 (Iowa 1980). Causation in fact requires a particular action in fact caused certain consequences to occur. *Schreckengast v. Hammermills, Inc.,* 369 N.W.2d 809, 810 n. 3 (Iowa 1985). This requirement is met upon proof that a defendant's conduct was a substantial factor in producing the damages and the damages would not have occurred except for the defendant's conduct. *Johnson v. Interstate Power Co.,* 481 N.W.2d 310, 323 (Iowa 1992). The causation requirement is divided into two separate determinations: (1) factual or medical causation, and (2) legal causation. *Dunlavey v. Economy Fire and Casualty Co.,* 526 N.W.2d 845, 853 (Iowa 1995); *see Newman v. John Deere Ottumwa Works of Deere & Co.,* 372 N.W.2d 199, 202–03 (Iowa 1985); *Schreckengast,* 369 N.W.2d at 810 and n. 3.

■ Causation in fact involves whether a particular event in fact caused certain con-

sequences to occur. *Schreckengast,* 369 N.W.2d at 810 n. 3. Causation in this situation addresses whether there is expert testimony the swine's illness was causally connected to the alleged misrepresentations of defendant. *See id.* at 810. This is a technical issue and goes beyond common knowledge and experience. Therefore, expert testimony is necessary to generate a jury issue. *See Wernimont v. International Harvestor Corp.,* 309 N.W.2d 137, 141 (Iowa App.1981). The evidence of plaintiffs' veterinarians does not establish the element of proximate cause. The trial court did not err in sustaining defendants' motion for summary judgment.

**AFFIRMED.**