Kathy SPAHR, Appellant,

v.

JoAnn KRIEGEL and Martin Imster, Individually and as Co–Executors of the Estate of Fred Hefflefinger, Deceased; Olin Telephone Company, Inc.; and KLK Construction Corp., Appellees.

No. 98–1578.

Supreme Court of Iowa.

Oct. 11, 2000.

Peter C. Riley of Tom Riley Law Firm, P.L.C., Cedar Rapids, and Douglas D. Wolfe of Wolfe Law Offices, Mount Vernon, for appellant.

Gerald T. Sullivan of Crawford, Sullivan, Read & Roemerman, P.C., Cedar Rapids, for appellees Kriegel and Imster.

James P. Craig and Cynthia S. Scherrman Sueppel of Moyer & Bergman, P.L.C., Cedar Rapids, for appellee Olin Telephone Company.

Gregory M. Lederer and Paul P. Morf of Simmons, Perrine, Albright & Ellwood, P.L.C., Cedar Rapids, for appellee KLK Construction Corp.

CARTER, Justice.

Plaintiff, Kathy Spahr, who was injured while attending an estate sale, appeals from an adverse judgment in her premises-liability action. The appellees are defendants JoAnn Kriegel and Martin Imster, individually and as executors of the estate of Fred Hefflefinger, deceased, who conducted the auction in question. Other appellees are defendant Olin Telephone Company, Inc. (telephone company), which had installed a fiber-optic cable line adjacent to the Hefflefinger property where the auction was held, and defendant KLK Construction Corp. (KLK), a contractor that had worked on the cable installation.

Plaintiff contends the district court erred in the following particulars: (1) by excluding evidence of vertical digging at a different time and place; (2) by overruling a request to call a rebuttal witness for purposes of contradicting testimony concerning the absence of parked cars on the street in front of the Hefflefinger residence; (3) in instructing the jury on mitigation of damages and circumstantial evidence; and (4) as to defendant KLK, in failing to properly instruct the jury concerning the liability of one who is not a possessor of land but who creates a dangerous condition on the land. After reviewing the record and considering the arguments presented, we affirm the judgment of the district court.

Plaintiff was injured when she stepped in a hole while attending an estate auction conducted by Kriegel and Imster, as executors of the Hefflefinger Estate. The hole was located in the parking (the grassy area between the sidewalk and the street) adjacent to the Hefflefinger property in Olin, Iowa. It was plaintiff's theory in the district court that she stepped in a vertical hole that was dug along the cable route for purposes of locating the depth of sewer lines or other underground utilities. Both KLK's superintendent and the telephone company's general manager testified that no vertical holes had been dug in the parking fronting the Hefflefinger residence during the cable installation.

Prior to trial, consortium claims by plaintiff's husband and son were voluntarily dismissed. The remaining claims were tried to a jury. The jury returned a series of special verdicts finding no fault on the part of any of the defendants and attributing 100% of the causal fault to the plaintiff. Further details bearing on the parties' contentions will be discussed in our consideration of the legal issues presented.

## I. *Exclusion of Testimony Concerning Vertical Digging at a Different Time and Place.*

▮ Plaintiff testified that the hole in which she stepped was round with smooth sides and looked as if it had been dug with an auger. As we have noted, both KLK's superintendent and the telephone company's general manager testified that there was no vertical digging in installing the cable line in the parking adjacent to the Hefflefinger property. The KLK superintendent testified that there was vertical digging at other locations but that it was done with a backhoe. The cable installation by the telephone company and KLK in front of the Hefflefinger residence was in the summer of 1994. Plaintiff's injury occurred in May 1996. The trial took place in May and June of 1998. During the trial, plaintiff's counsel attempted to question the telephone company superintendent, Mr. Cozart, concerning vertical digging that was taking place in a different cable installation project being carried out in Olin at that very time. That project was being done nearly four years after the cable work in front of the Hefflefinger residence. It was in a different part of town, and was being performed by a different contractor. The district court excluded this evidence on relevancy grounds.

Plaintiff urges that the ruling excluding this evidence was an abuse of discretion because it tends to establish that vertical digging does take place in the installation of fiber-optic cable and that the holes it creates are similar to the type of hole into which plaintiff had stepped in 1996. She sought to confirm the latter point by examining Cozart with respect to photographs of a vertical hole on the 1998 project.

▮ A trial court has a wide discretion in the matter of relevancy rulings. *Carter v. MacMillan Oil Co.*, 355 N.W.2d 52, 55 (Iowa 1984). Evidence is relevant if it renders the existence of a fact more probable or less probable as a result of that evidence. *Briner v. Hyslop*, 337 N.W.2d 858, 869 (Iowa 1983); *Carson v. Mulnix*, 263 N.W.2d 701, 706 (Iowa 1978). With respect to the line of questioning at issue here, the trial court could properly have concluded that the digging of vertical

holes by the contractor on the 1998 fiber-optic cable installation was not probative of whether KLK dug similar vertical holes during its 1994 cable installation project or where such holes were dug.

As an alternative argument, plaintiff urges that further examination of Cozart on the location of vertical holes during the 1998 fiber-optic cable installation should have been permitted for purposes of impeaching other testimony by that witness concerning the location of vertical holes related to the 1998 project. The testimony sought to be impeached was given during preliminary questioning on the subject of the 1998 project and prior to the trial court's ruling that this area of inquiry was not relevant. Because the entire line of inquiry was not relevant, any attempt to disprove Cozart's initial answers on this subject was properly denied by the trial court. *See State v. Roth,* 403 N.W.2d 762, 767 (Iowa 1987) (impeachment evidence must be admissible for some proper purpose independent of the contradiction).

## II. *Refusal to Allow Rebuttal Testimony.*

An issue arose at trial concerning the presence of cars parked on the street in front of the Hefflefinger residence at the time the plaintiff stepped in the hole in the parking. Plaintiff's own testimony on this issue was equivocal. Another witness called by plaintiff during her case in chief testified that there were no cars parked on the street. Several witnesses called by the defendants confirmed that assertion. In refusing to allow rebuttal testimony concerning the parked cars, the district court concluded that this was not a new issue raised during the presentation of evidence for the defendants, and thus, rebuttal evidence was not appropriate.

We have recognized that

[r]ebuttal is not intended to give a party an opportunity to tell his [or her] story twice or to present evidence that was proper in the case in chief.... Thus, evidence which is merely cumulative, adding nothing further to the position taken by previous witnesses, which merely bolsters or supplements that already adduced by the plaintiff, is not admissible as rebuttal.

*Carolan v. Hill,* 553 N.W.2d 882, 889 (Iowa 1996) (quoting 75 Am.Jur.2d *Trial* § 374, at 573 (1991)). We find that the district court's ruling was consistent with the limitation expressed in the *Carolan* case and was not in error.

## III. *Objections to Instructions.*

A. *Failure to mitigate damages.* Plaintiff asserts that the trial court erred in instructing the jury it could consider her failure to attend prescribed physical therapy sessions as a basis for finding contributory fault on her part. She urges that before a contributory fault issue may be based on a failure to follow medical advice, there must be some expert medical evidence that the failure made a difference in the patient's recovery. She contends there is no such evidence in the record.

Assuming that plaintiff's argument on the submission of contributory fault is valid, we are convinced that the judgment should not be reversed on this basis. The trial court's instructions and verdict forms submitted the fault issue to the jury in sequence and required the fault finding relating to the defendants to be made first. Acting in this sequence, the jury found no causal fault on the part of any of the defendants. Consequently, error, if any, in the instructions dealing with plaintiff's contributory fault did not affect the verdict.

B. *Instructions on circumstantial evidence.* Plaintiff contends that the district court erred in not giving her proposed instruction on circumstantial evidence. The instruction that was requested read as follows:

Direct and circumstantial evidence are equally probative. An issue may be proven by circumstantial evidence, but this evidence must be such as to make

the theory reasonably probable, not merely possible, and more probable than any other theory based on such evidence.

In lieu of giving this instruction, the trial court instructed the jury as follows:

Facts may be proved by direct evidence, circumstantial evidence, or a combination of both. "Direct evidence" is the testimony of a person who claims direct sensory knowledge of a fact, such as an eye witness. "Circumstantial evidence" is the testimony of a person as to certain facts which tend to indicate that some other facts, not directly observed, [are] true. The weight to be given any evidence is for you to decide.

The second sentence in plaintiff's proposed instruction contradicts the conclusion that this court announced in *Beck v. Fleener*, 376 N.W.2d 594, 597 (Iowa 1985), which eliminated any distinction between direct and circumstantial evidence with respect to probative value. Although the first sentence of the proposed instruction was an accurate statement of the law, we believe that the idea that it expresses is embodied in the district court's direction to the jury that the weight to be given any evidence is for the jury to decide. We find no error in the refusal of the proposed instruction.

■ C. *Instructions on the claim against KLK.* Plaintiff contends that as to the defendant KLK the trial court erred in failing to instruct the jury as to the liability of one who is not a possessor of land but who creates a dangerous condition on the land. Plaintiff submits that on this point the jury should have been instructed in accordance with the doctrine expressed in section 386 of the Restatement (Second) of Torts (1965). That section of the Restatement provides:

Any person, except the possessor of land or a member of his household or one acting on his behalf, who creates or maintains upon the land a structure or other artificial condition which he should recognize as involving an unreasonable risk of harm to others upon or outside of the land, is subject to liability for physical harm thereby caused to them. . . .

Relying on this section of the Restatement, plaintiff requested that the court instruct the jury as follows with respect to her claim against KLK:

For her claim against Defendant KLK, plaintiff must prove the following propositions:

1. KLK created an artificial condition on the parking which involved an unreasonable risk of physical harm to Kathy Spahr.

2. This condition was a proximate cause of damage to Kathy Spahr.

3. The amount of damages.

If plaintiff has failed to prove any of these propositions, she is not entitled to damages from KLK. If plaintiff has proved all of these propositions, you will consider the defense of comparative fault as explained in Instruction No. 22.

Instead of instructing as requested by plaintiff, the district court instructed the jury with respect to a specification of negligence advanced during trial. That instruction read as follows:

Kathy Spahr must prove all of the following elements by a preponderance of the evidence, in order to recover against KLK.

1. That Olin Phone Company hired KLK to install a fiber optic cable system.

2. That KLK was negligent in failing to properly tamp a vertical hole created by KLK during directional boring in 1994, in the course of the fiber optic cable system project.

3. That KLK's negligence was a cause of damage to Kathy Spahr.

4. The nature and extent of damage.

Although, as plaintiff suggests, section 386 of the Restatement may well describe the extent of KLK's liability to plaintiff, we are not convinced that the trial court was

required to submit the issue in terms of the Restatement's language. The concept of "an unreasonable risk of physical harm to others" expressed in the Restatement rule is clearly a negligence standard. In this jurisdiction there is a preference in negligence trials for submitting issues based on particular specifications of negligence as opposed to broad general duties. *Bigalk v. Bigalk*, 540 N.W.2d 247, 249 (Iowa 1995). We believe that the trial court's instructions were true to this principle and served to adequately present the issues to the jury.

We have considered all issues presented and conclude that the judgment of the district court should be affirmed.

**AFFIRMED.**

All justices concur except SNELL, J., who takes no part.