# IN THE COURT OF APPEALS OF IOWA

No. 19-0509
Filed January 23, 2020

**TENA R. SCHANTZ,**
        Plaintiff-Appellant,

**vs.**

**WILD ROSE EMMETSBURG, LLC, WILD ROSE ENTERTAINMENT, LLC, and WILD ROSE ENTERTAINMENT LLLP,**
        Defendants-Appellees.
_____

Appeal from the Iowa District Court for Palo Alto County, David A. Lester, Judge.

A plaintiff appeals the district court's directed verdict for the defendant, ending her slip-and-fall case. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Jill M. Davis of Montgomery, Barry, Bovee, Steffen & Davis, Spencer, for appellant.

Aaron W. Lindebak of Grefe & Sidney, P.L.C., Des Moines, for appellees.

Considered by Bower, C.J., and May and Greer, JJ.

**GREER, Judge.**

Tena Schantz appeals the district court's grant of a directed verdict, ending her slip-and-fall case. We affirm in part, reverse in part, and remand for further proceedings.

### I. Background Facts and Proceedings.

On June 12, 2015, Schantz and her mother checked into a hotel room owned by Wild Rose Emmetsburg, LLC (Wild Rose). They arrived in the evening and went straight to bed. The following morning, Schantz started the shower in the bathtub/shower unit in the room's bathroom, let it run for forty seconds, pulled back the shower curtain, and stepped in. As she backed toward the shower head to wash her hair,[1] she "hit that oil" and fell. As she fell, she grabbed the shower curtain, but the curtain's plastic rings shattered, providing her no help. Schantz fell and hit her head, sustaining injuries.

Schantz petitioned for damages against Wild Rose in May 2017, claiming the hotel failed to maintain safe premises. In her petition, Schantz alleged Wild Rose was negligent in these ways:

> (a) In failing to properly clean and maintain the bathtub/shower;
> (b) In failing to exercise reasonable care to maintain the bathtub/shower;
> (c) In failing to install and maintain fixtures and devices to prevent slip and fall accidents in the bathtub/shower;
> (d) In failing to warn invitees, including Tena, of the hazards presented by the unsafe condition of the bathtub/shower;
> (e) In failing to exercise ordinary care under the circumstances then and there existing to prevent guests, such as Tena, from falling in the bathtub/shower;

---

[1] Schantz describes her showering routine as backing into the water nozzle because of her long hair.

(f) Being otherwise negligent and careless in the installation, care, maintenance, and control of the bathtub/shower.

Wild Rose denied all allegations of negligence, and a jury trial began in March 2019. During Schantz's case, she, her mother, and her medical doctor testified. Schantz and her mother described the surface of the shower as slippery. Neither could see the alleged slippery substance on the shower, but they claimed they could feel it. Schantz testified that she complained to management, and two Wild Rose staff members viewed the shower condition. These staff members were not called to testify at trial.

Other than Schantz and her mother, no other witnesses described the shower conditions. No experts testified for Schantz describing appropriate hotel cleaning processes or safety requirements. No one testified about Wild Rose's cleaning regimen, the cleaning products and supplies used on the shower of that particular room, or whether the room was cleaned before Schantz and her mother arrived.

After Schantz presented her case, Wild Rose moved for a directed verdict on all counts. Wild Rose argued Schantz failed to prove the hotel knew or in the exercise of reasonable care should have discovered the allegedly unsafe condition of the bathtub/shower. The hotel also criticized Schantz for failing to produce expert testimony on legal or American National Standards Institute (ANSI)[2] standards for design and maintenance of bathtub/shower units.

---

[2] ANSI is a private nonprofit organization that oversees the development of voluntary standards for businesses in the United States. *See generally* Am. Nat'l Standards Inst., https://www.ansi.org/about_ansi/overview/overview (last visited Jan. 21, 2020). Yet violation of the ANSI standard is not negligence per se. *See Jorgensen v. Horton*, 206 N.W.2d 100, 103 (Iowa 1973) ("We are unwilling to say

The trial court granted the motion for directed verdict, finding Schantz failed to meet her burden of proof because she presented no evidence of Wild Rose's negligence. The court dismissed the case, noting,

> There is no admission concerning what the substance may have been in the tub. There is no evidence of what the substance was in the tub or how it got there. There is no evidence concerning what cleaning was done of the tub or the room, what should have been done, what was not done. The record is devoid of any evidence of negligence or any evidence from which I can infer or the jury can infer negligence, absent some allegation of exclusive control or some proof of exclusive control of the room.

Schantz appeals.

## II. Standard of Review.

We review the grant of a motion for directed verdict for correction of errors at law. Iowa R. App. P. 6.907; *Stender v. Blessum*, 897 N.W.2d 491, 501 (Iowa 2017). A motion for directed verdict is proper when, viewing the evidence in the light most favorable to the nonmoving party, sufficient evidence does not exist to support his or her claim. *Ludman v. Davenport Assumption High Sch.*, 895 N.W.2d 902, 909 (Iowa 2017). "Ultimately, we decide whether the district court's determination that there was or was not sufficient evidence to submit the issue to the jury was correct." *Stender*, 897 N.W.2d at 501.

## III. Analysis.

At its core, a slip-and-fall case involves premises liability. Owners and occupiers of land owe a duty to exercise reasonable care in the maintenance of their premises to protect visitors. *Koenig v. Koenig*, 766 N.W.2d 635, 645–46

---

private safety codes like the one involved in this case necessarily define the standard of conduct of a reasonable [person]. Violation of standards in such codes is evidence on the issue of negligence but not negligence per se.").

(Iowa 2009). An actionable claim of negligence includes "the existence of a duty to conform to a standard of conduct to protect others, a failure to conform to that standard, proximate cause, and damages." *Van Essen v. McCormick Enters. Co.*, 599 N.W.2d 716, 718 (Iowa 1999) (citations omitted). These factors apply to evaluate whether Wild Rose exercised reasonable care:

> (1) the foreseeability or possibility of harm; (2) the purpose for which the entrant entered the premises; (3) the time, manner, and circumstances under which the entrant entered the premises; (4) the use to which the premises are put or are expected to be put; (5) the reasonableness of the inspection, repair, or warning; (6) the opportunity and ease of repair or correction or giving of the warning; and (7) the burden on the land occupier and/or community in terms of inconvenience or cost in providing adequate protection.

*Koenig*, 766 N.W.2d at 646 (quoting *Sheets v. Ritt, Ritt & Ritt, Inc.*, 581 N.W.2d 602, 606 (Iowa 1998)).

Trial courts often submit specifications of negligence on duties common in the lay juror's experience. For example, in a car accident case, an instruction about the duty to maintain proper lookout is appropriate where sufficient evidence establishes a driver failed to see. *Graber v. City of Ankeny*, 616 N.W.2d 633, 643–44 (Iowa 2000). But the operative question here is whether the evidence is sufficiently reliable to support Schantz's theory of the case.

Turning to the specifications of negligence Schantz pleaded, we address the evidence she presented and, if sufficient, whether a jury should have found Wild Rose negligent. "Litigants are entitled to have their legal theories submitted [to the jury] if those theories are supported by the pleadings and substantial evidence in the record." *Thompson v. City of Des Moines*, 564 N.W.2d 839, 846 (Iowa 1997). But the proof in any case must be such that the fact finder is not left

to speculate about who the negligent culprit is. *Schermer v. Muller*, 380 N.W.2d 684, 687 (Iowa 1986); *accord Gerst v. Marshall*, 549 N.W.2d 810, 818 (Iowa 1996).

**A. Failing to Clean and Maintain the Bathtub/Shower.** A hotel has a duty to keep premises safe for its guests. *Koenig*, 766 N.W.2d at 645–46. The question is whether Schantz showed her fall was caused by any negligence on the part of Wild Rose. Schantz testified she "hit that oil" as she backed toward the shower spigot. The jury heard that Schantz and her mother felt a "slippery" surface in the bathtub/shower unit after the fall. It was not observable by the eye. Schantz also told the jury that the Wild Rose employees acknowledged "something" was slippery on the bottom of the bathtub/shower.[3]

Yet, other than by implication, the record shows no identified defendant caused the bathtub/shower to be slippery. Plaintiff must establish that her injuries were caused by the negligence of an identified defendant. *Oberreuter v. Orion Indus., Inc.*, 398 N.W.2d 206, 209 (Iowa Ct. App.1986). "Inferences can assist in establishing a basic fact, but they cannot in and of themselves create evidence." *In re Estate of Kerndt*, 103 N.W.2d 733, 736 (Iowa 1960). Schantz must "identify either a certain thing the allegedly negligent party did which that party should not have done, or a certain thing that party omitted that should have been done, under the legal theory of negligence that is applicable." *Coker v. Abell–Howe Co.*, 491 N.W.2d 143, 151 (Iowa 1992).

In other slip-and-fall cases, circumstantial evidence is probative on causation. *Perkins v. Wal-Mart Stores, Inc.*, 525 N.W.2d 817, 820–21 (Iowa 1994)

---

[3] Wild Rose's counsel objected to the hearsay evidence. It was at first excluded, but Schantz offered the hearsay statements again without objection.

(concluding that even though the plaintiff was unsure of how she fell, debris on her hands and clothing coupled with a failure to do the required three-day sweeping provided sufficient evidence to submit case to the jury); *Randol v. Roe Enters., Inc.*, 524 N.W.2d 414, 417 (Iowa 1994) (concluding that although the plaintiff was unsure of how she fell, the drop-off between paved and graveled portion of parking lot generated jury question given the mechanics of her fall). While Schantz presented zero direct evidence of Wild Rose's role in the negligent act related to the tub surface, she and her mother testified about the bathtub/shower surface.

As the *Randol* court noted,

> Circumstantial evidence in this respect is intrinsically no different from testimonial evidence. Admittedly, circumstantial evidence may in some cases point to a wholly incorrect result. Yet this is equally true of testimonial evidence. All conclusions have implicit major premises drawn from common knowledge; the truth of testimony depends as much upon these, as do inferences from events. A jury tests a witness's credibility by using their experience in the past as to similar utterances of persons in a like position. That is precisely the same mental process as when they infer from an object what has been its past history, or from an event what must have preceded it.

*Randol*, 524 N.W.2d at 417 (quoting *State v. O'Connell*, 275 N.W.2d 197, 205 (Iowa 1979)).

Schantz must show some causal relationship between Wild Rose's conduct and the injury, but one can presume that an oily, slippery bathtub may be caused by failure to clean properly. *Hasselman v. Hasselman*, 596 N.W.2d 541, 545 (Iowa 1999) (discussing showing required to establish causation). We acknowledge there was no evidence presented related to the cleaning staff responsibilities and that person's relationship to Wild Rose, but a jury could find a hotel patron expects the room to be clean and free from slippery conditions. Because Schantz

developed circumstantial evidence that the bathtub/shower condition may not have been safe, we remand the case for trial on these allegations of fault.

**B. Failing to Install and Maintain Fixtures and Devices to Prevent Slip-and-Fall Accidents in the Bathtub/Shower.** No evidence supports this specification of negligence. While Schantz noted there was not a grab bar, bath mat, or nonskid strips on the tub surface, there was no testimony connecting a duty by Wild Rose to have those items.[4] Schantz argues a lay person's knowledge includes information about grab bars, nonskid strips, and bath mats. Yet evidence of the standards related to required safety devices was not in this record. Jurors are not experts on all negligence questions. For example, when no witness testified about the standard of practice for training employees on ice and snow removal, our supreme court held the failure to train theory could not be submitted to the jury. *Alcala v. Marriott Int'l, Inc.*, 880 N.W.2d 699, 708 (Iowa 2016). We cannot expect a juror to know what standards are required and appropriate in the hotel industry. *Diemer v. Hansen*, 545 N.W.2d 573, 576 (Iowa Ct. App.1996) (holding technical issues that go beyond common knowledge and experience require expert testimony).

Proof of the applicable standard of care and its breach are required to recover in tort. *See Thompson v. Kaczinski*, 774 N.W.2d 829, 834 (Iowa 2009) ("An actionable claim of negligence requires 'the existence of a duty to conform to a standard of conduct to protect others, [and] a failure to conform to that standard . . . .'" (quoting *Stotts v. Eveleth*, 688 N.W.2d 803, 807 (Iowa 2004))).

---

[4] According to the Schantz's mother the Wild Rose manager indicated grip strips in a tub are unsanitary.

Dismissal is required when the record contains no evidence on the applicable standard of care or its breach. *See Godar v. Edwards*, 588 N.W.2d 701, 709–10 (Iowa 1999) (affirming directed verdict in defendant's favor on claims against employer for negligent hiring, retention, and supervision); *Hartig v. Francois*, 562 N.W.2d 427, 430–31 (Iowa 1997) (holding defendant was entitled to directed verdict on negligence claims based on insufficient evidence of the standard of care or its breach); *Fisher v. Dallas Cty.*, 369 N.W.2d 426, 431 (Iowa 1985) (affirming dismissal because "[t]he record contains no evidence regarding that standard of care" or its breach). Because Schantz failed to show that grab bars, skid strips, or bath mats are required in hotel bathtub/shower units, a directed verdict on this claim was proper.

**C. Failing to Warn Invitees of the Hazards Presented by the Unsafe Condition of the Bathtub/Shower.** No one proved that Wild Rose knew about a slippery condition in their hotel bathtubs/showers before the fall. It is difficult to warn when the record failed to establish Wild Rose knew of any issues with the existence of slippery bathtub/shower units. There must be a duty to warn before the law will recognize a failure to warn. *Ries v. Steffensmeier*, 570 N.W.2d 111, 114 (Iowa 1997). Had Schantz produced evidence of other similar falls with oily shower surfaces a warning might be required. With no actual knowledge proven to support a general negligence claim, our supreme court has affirmed dismissal of the claim. *Godar*, 588 N.W.2d at 709–10 (affirming directed verdict in defendant's favor on general negligence claim against employer where employer had no actual knowledge of inappropriate relationship prompting the suit). Likewise without any evidence of any ability to know of the negligent behavior,

claims of "should have known" cannot be submitted. *Id.* at 709. There is insufficient evidence to support this claim of negligence.

**D. Failing to Exercise Ordinary Care under the Circumstances to Prevent Guests from Falling in the Bathtub/Shower.** We do not address this allegation as it is not specific to the facts of the case as developed at trial. As for a negligence claim not involving res ipsa loquitur, a plaintiff must identify the specific acts or omissions relied on to generate a jury issue. *Bigalk v. Bigalk*, 540 N.W.2d 247, 249 (Iowa 1995). "Jury instructions should be formulated so as to require the jury to focus on each specification of negligence that finds support in the evidence." *Id.* For example, where several specifications related to placement of an ashtray stand in a supermarket aisle, the district court used one single specification of negligence supported by the case facts. *Schuller v. Hy-Vee Food Stores, Inc.*, 328 N.W.2d 328, 331–32 (Iowa 1982). The record before us does not support such a general allegation over and above the specification related to cleaning and maintenance.

**IV. Disposition.**

For these reasons, we conclude the district court properly granted a directed verdict for Wild Rose on all of Schantz's claims of negligence except for her claim of negligence based on failing to clean and maintain the bathtub/shower. We remand for further proceedings on that claim.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**